OPINION
On July 19, 1975, appellant, Vincent Cuenot, and appellee, Franca Cuenot, were married. One child was born as issue of said marriage, Eric now emancipated but living with appellant.
On June 22, 1995, appellee filed a complaint for divorce. Appellant answered and counterclaimed on July 17, 1995. A hearing before a magistrate was held on August 29, 1995. By decision filed October 30, 1996, the magistrate granted the divorce and divided the parties' property.
On November 7, 1996, appellant filed objections to the magistrate's decision. A hearing before the trial court was held on March 18, 1997. By judgment entry filed March 25, 1997, the trial court approved and adopted the magistrate's decision.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN CHARACTERIZING CERTAIN MARITAL PROPERTY AS THE SEPARATE PROPERTY OF PLAINTIFF/APPELLEE.
II
 THE TRIAL COURT ERRED IN FAILING TO CONSIDER THE RESIDENTIAL APPRAISALS SUBMITTED BY BOTH PARTIES IN ARRIVING AT A VALUE OF ASSETS.
III
 THE TRIAL COURT ERRED IN THAT ITS DIVISION OF THE MARITAL PROPERTY WAS NEITHER EQUAL NOR EQUITABLE.
IV
 THE TRIAL COURT ERRED IN FINDING THERE HAD BEEN A WITHDRAWAL OF $2,500.00 FROM A CERTIFICATE OF DEPOSIT, IN FINDING THAT SUCH AMOUNT HAD BEEN USED TO PAY DEFENDANT/APPELLANT'S ATTORNEY FEES, AND IN ORDERING DEFENDANT/APPELLANT TO "REPLACE" THE AMOUNT OF $2,500.00.
V
 THE TRIAL COURT ERRED IN FAILING TO PROVIDE TO DEFENDANT/APPELLANT HIS MARITAL SHARE OF THE PLAINTIFF/APPELLEE'S PUBLIC EMPLOYEE RETIREMENT SYSTEM PENSION ACCOUNT WHICH, ALTHOUGH NOT DIVISIBLE, SHOULD HAVE OFFSET OTHER PROPERTY.
VI
 THE TRIAL COURT ERRED IN ORDERING SPOUSAL SUPPORT IN THE AMOUNT OF $800.00 PER MONTH PAYABLE FOR A PERIOD OF SEVEN YEARS AND IN FAILING TO RETAIN JURISDICTION OVER THE SPOUSAL SUPPORT AWARD, IN SPITE OF EVIDENCE OF DEFENDANT/APPELLANT'S DISABILITY.
VII
 THE TRIAL COURT ERRED IN ORDERING ADDITIONAL SPOUSAL SUPPORT TO PLAINTIFF/APPELLEE TOWARD HER ATTORNEY FEES.
VIII
 THE TRIAL COURT ERRED IN ORDERING DEFENDANT/APPELLANT'S COUNSEL TO PREPARE A JUDGMENT ENTRY AND ALL DOCUMENTS NECESSARY TO THE TRANSFER OF TITLE TO PROPERTY IN LIGHT OF THE FACT THAT PLAINTIFF/APPELLEE HAS PREVAILED ON ALL ISSUES.
IX
 THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS PREJUDICIAL TO DEFENDANT/APPELLANT.
 I
Appellant claims the trial court erred in determining certain "gifts" by appellee's father to be appellee's separate property. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment, For that of the trial court where there exists som competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
Appellee and her brother, Nick DiAntonio, testified in 1989 appellee's father withdrew $10,000 from a savings account and $10,000 from a safety deposit box and gave the sum to appellee. T. at 31, 63. Appellee placed the sum in a bank account evidenced by Plaintiff's Exhibit E. Appellee testified she never deposited joint funds in this account. T. at 64. Appellee testified she used the sum as a down payment on the marital residence and for moving expenses. T. at 66-67. Appellant denied having any knowledge of the "gift" and argued the sum was from appellee's savings through the course of the marriage. T. at 127-128.
Appellee testified several years prior to purchasing the marital residence, she tried to put some money away but was unsuccessful due to appellant's drug addition. T. at 39-40. In fact, after appellant entered Glenbeigh, appellee paid past due bills and the living expenses with her father's help. T. at 41-42, 69-70. Prior to the marriage, appellee had $3,000 in a savings account. T. at 61.
The trial court concluded the $20,000 given to appellee by her father (matured to $23,680.14) was traceable and therefore separate property pursuant to R.C. 3105.171(A)(6)(B). See, Finding of Fact No. 12. We find this decision to be substantiated by the record.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in using appellee's appraisal of the marital residence instead of his appraisal. We disagree.
Appellee testified the appraised value of the marital residence was $90,500 and appellant testified it was $110,000. T. at 74, 130. Appellee justified the difference as a result of factoring in needed repairs (roof, furnace, garage door and floor). T. at 241. Neither party presented expert testimony as to the value of the residence.
The decision to choose a value most representative of the true value is up to the trier of fact and is in the trier's discretion. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Given the testimony of both parties and appellee's explanation of the lower value, we cannot say the trial court abused its discretion in using appellee's appraisal.
Assignment of Error II is denied.
 III, V
Appellant claims the trial court erred in failing to make an equal or equitable distribution of the marital assets. We agree in part.
Appellant argues "[o]f the assets determined by the Magistrate to be marital property, Appellee was awarded assets valued at $133,735.81, while Appellant received only $68,672.20 of the marital property." Appellant's Brief at 8. Appellant points out appellee was awarded the marital residence and all of the equity, and received one-half of appellant's retirement benefits as well as the entire interest in her own retirement plan. Appellant acknowledges appellee's retirement plan (PERS) was not subject to QUADRO, but argues the trial court could have awarded him a monetary offset for it.
Schedule B attached to the magistrate's decision contains a table for the distribution of the marital assets. The magistrate awarded appellee the equity in the marital residence, $5,856.42. To offset this equity award, the magistrate awarded appellant the equity in a 1994 truck, a State Farm policy and Series EE bonds for a total award of $5,196.55.
As for the parties' retirement benefits, the magistrate awarded appellee half of appellant's 401 (k) and Timken Retirement Plan and all of her PERS. Appellee's PERS was valued at $63,403.74. Appellant's social security benefits were valued at $41,615.04 and appellee's were valued at $22,949.23, but no allowance was given for the forty percent offset for PERS benefits ($9,179). By using these social security figures, the difference in the division of marital property is $32,000 to appellee's benefit. The only way to adjust this would be to diminish appellee's award of appellant's 401 (k) or Timken Retirement Plan by $16,000.
Pursuant to R.C. 3105.171(B), a division of marital and separate property shall be equitable. If the trial court finds an equal division would be inequitable "the court shall not divide the marital property equally but instead shall divide it between the spouses in the manner the court determines equitable." R.C.3105.171(C) and (F). Pursuant to subsection (G), "the court shall make written findings of fact that support the determination that the marital property has been equitably divided." The trial courtsub judice did not explain the $32,000 difference. As noted by appellant, the trial court did not find his previous drug addition and monetary draining of the parties' assets to be a factor which it could have done under R.C. 3105.171(E)(3).
Based upon the trial court's lack of explanation regarding the distribution of the parties' retirement benefits, we reverse and remand the issue of equitable distribution.
Assignments of Error III and V are granted.
 IV
Appellant claims the trial court erred in ordering him to repay $2,500 withheld from a certificate of deposit maintained for the benefit of the parties' son's education. We agree in part.
Appellant admitted to withdrawing $2,500 from a certificate deposit that was marital property to either buy stock or pay his attorney fees. T. at 113. Appellee testified the $2,500 went to appellant's attorney. T. at 80.
In an order filed September 11, 1995, the trial court permitted $2,000 to each party from marital property to be used for attorney fees. However, the trial court ordered appellant to repay the total $2,500. We find this amount to be in error as the September 11, 1995 order permitted the use of $2,000 for attorney fees. We therefore modify the trial court's order to find appellant need only repay $500.
Assignment of Error IV is granted.
 VI
Appellant claims the trial court erred in awarding spousal support to appellee in the amount of $800 per month for seven years and in failing to retain jurisdiction over this award given appellant's disability. We agree in part.
R.C. 3105.18 establishes the guidelines in determining spousal support. We find given the difference in the parties' salaries, the length of the marriage and the parties' relative debt free conservative lifestyle of the recent years, the trial court followed the dictates of Kunkle v. Kunkle (1990), 51 Ohio St.3d 64. However, we find sufficient evidence that appellant has a disability which could be a threat to his livelihood in the future:
A. I have a seizure disorder.
Q. Do you still have that disorder?
A. Daily.
Q. What do you do for that disorder?
A. I take medication.
* * *
 Q. Can you describe to the Court exactly how these seizures affect you and when they might occur.
 A. The seizures happen spontaneously. They can be attributed to stress, fatigue . . . long hours of work. Uh, physical work. * * * When it manifests themselves I lose control of my left side of my body. My left arm goes paralyzed. My head goes back and I start as if I'm choking because I can't breath. When I come out of it I'm incoherent. I lose my speech center for a period of time.
T. at 103 and 104-105 respectively.
Based upon this testimony, we find the trial court erred in failing to retain jurisdiction on the issue of spousal support.
Assignment of Error VI is granted in part and denied in part.
 VII, VIII
Appellant claims the trial court erred in awarding appellee additional spousal support in the amount of $1,500 for attorneys fees and in ordering his counsel to prepare the judgment entry and all necessary documents. We disagree.
As noted in Assignment of Error VI, the trial court considered the factors required in determining spousal support. We find the $1,500 for attorney fees not to be an abuse of discretion given the parties' disparate incomes. In addition, because a reviewing court must consider the totality of the circumstances in reviewing a trial court's decision, piecemeal appeals are not favored. Briganti v. Briganti (1984), 9 Ohio St.3d 220.
The order for an entry and documents is not an abuse of discretion.
Assignments of Error VII and VIII are denied.
 IX
Appellant claims the trial court's decision was against the manifest weight of the evidence. We disagree.
As previously stated, a judgment supported by some competent, credible evidence will not be reversed. C.E. Morris; Myers.
Pursuant to our review of the factual issues presented in Assignments of Error I and II, we find sufficient credible evidence to support the trial court's conclusions.
Assignment of Error IX is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part, reversed in part and remanded to said court on the issue of equitable distribution.
By Farmer, P.J., Reader, J. and Wise, J. concur.
 JUDGMENT ENTRY
CASE NOS. 1997 CA 00214 and 1997 CA 00128
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is affirmed in part, reversed in part and remanded to said court on the issue of equitable distribution.