OPINION
Defendant Leo Russo appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which terminated the marriage of defendant and plaintiff, Cherokee Russo, allocated the parental rights and responsibilities of the parties in their five minor children, and divided the property between the parties. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE COURT ABUSED ITS DISCRETION BY MAKING AN EQUAL DIVISION OF MARITAL PROPERTY, WHICH DIVISION WAS INEQUITABLE UNDER ALL THE FACTS AND CIRCUMSTANCES SURROUNDING THE ACQUISITION OF THE PROPERTY TO PROVIDE FOR THE EDUCATIONAL NEEDS OF THE CHILDREN.
SECOND ASSIGNMENT OF ERROR
 THE AWARD OF SPOUSAL SUPPORT, BOTH IN AMOUNT AND DURATION, WAS EXCESSIVE AND ABUSE OF DISCRETION IN LIGHT OF THE CONDUCT OF PLAINTIFF-APPELLEE WHICH LED TO THE MARRIAGE BEING TERMINATED.
THIRD ASSIGNMENT OF ERROR
 THE DECISION OF THE COURT FINDING THAT THE CURB MACHINE WAS PREMARITAL PROPERTY WAS AN ABUSE OF DISCRETION SINCE THE COURT FAILED TO OFFSET THE INCOME EARNED BY THE CURB MACHINE ALSO AS THE SEPARATE PROPERTY OF DEFENDANT-APPELLANT.
Appellee assigns three assignments of error to the trial court:
ASSIGNMENTS OF ERROR
FIRST ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION BY MAKING AN ARBITRARY, UNREASONABLE AND UNCONSCIONABLY INSUFFICIENT AWARD OF SPOUSAL SUPPORT.
SECOND ASSIGNMENT OF ERROR
 THE JUDGMENT OF THE TRIAL COURT THAT AWARDED THE APPELLEE A LUMP-SUM PROPERTY DIVISION AWARD OF $280,000.00 TO BE PAID 90 DAYS FROM THE DATE OF JUDGMENT, BUT WHICH GAVE THE APPELLANT THE OPTION TO PAY THE SUM OF $60,000.00 PER YEAR FOR FIVE YEARS IN LIEU THEREOF IS CONTRARY TO THE PROVISIONS OF ORC 1343.03 AND IS AN ABUSE OF DISCRETION BY THE TRIAL COURT.
THIRD ASSIGNMENT OF ERROR
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN FAILING TO FILE A CHILD SUPPORT COMPUTATION WORKSHEET AND IN FAILING TO MAKE THE FINDINGS REQUIRED BY SECTION 3113.215(b)(2)(C) ET SEQ. BEFORE DEVIATING FROM THE GUIDELINE AMOUNT OF CHILD SUPPORT.
The record indicates the parties were married nearly nineteen years, and produced six children, one of whom was emancipated. Appellant is self-employed as a cement contractor and is employed in his father's cement contracting business, and earned in excess of $120,000.00 in 1996. Appellee was a full time homemaker until the final two years of the marriage, when she began attending college. Her highest income was $2,800.00 per year. The parties owned an 82 acre parcel then valued at $600,000.00. The land carried no mortgage and the parties had no marital debts. The trial court named appellant as the residential parent and legal custodian of the children and ordered appellee to pay $60.00 per month per child as child support until January 1, 2002, or the emancipation of the children, or if appellee becomes employed full time. The court ordered appellant to pay appellee $850.00 per month as spousal support, for 60 months. The trial court found prior to the marriage appellant owned a home, of which $55,000.00 of the proceeds from the sale were used to purchase a curb machine used in appellant's business. The remainder of the proceeds, approximately $30,000.00, was applied to the marital property, which was appraised at $600,000.00 The court deducted appellant's $30,000.00 as separate pre-marital property from the value of the marital estate, and awarded appellee a distributive award of $280,000.00 in return for a quit claim deed divesting herself of any interest in the marital properties. The court directed appellant to pay appellee a lump sum of $280,000.00 within 90 days of the filing date of the entry or, in lieu of a lump sum payment, to pay appellee a lump sum of $60,000.00 per year for the next five years, to represent a total of $300,000.00.
In as much as each party challenges certain financial aspects of the court's judgment, we will combine the various assignments of error in their most logical manner.
 APPELLANT'S ASSIGNMENT OF ERROR I CROSS ASSIGNMENT OF ERROR II
R.C. 3105.17 states in pertinent part:
 (E) (1) The court may make a distributive award to facilitate, effectuate, or supplement a division of marital property. The court may require any distributive award to be secured by a lien on the payor's specific marital property or separate property.
 (2) The court may make a distributive award in lieu of a division of marital property in order to achieve equity between the spouses, if the court determines that a division of the marital property in kind or in money would be impractical or burdensome.
 (3) If a spouse has engaged in financial misconduct, including, but not limited to, the dissipation, destruction, concealment, or fraudulent disposition of assets, the court may compensate the offended spouse with a distributive award or with a greater award of marital property.
 (F) In making a division of marital property and in determining whether to make and the amount of any distributive award under this section, the court shall consider all of the following factors:
(1) The duration of the marriage;
(2) The assets and liabilities of the spouses;
 (3) The desirability of awarding the family home, or the right to reside in the family home for reasonable periods of time, to the spouse with custody of the children of the marriage;
(4) The liquidity of the property to be distributed;
 (5) The economic desirability of retaining intact an asset or an interest in an asset;
 (6) The tax consequences of the property division upon the respective awards to be made to each spouse;
 (7) The costs of sale, if it is necessary that an asset be sold to effectuate an equitable distribution of property;
 (8) Any division or disbursement of property made in a separation agreement that was voluntarily entered into by the spouses;
 (9) Any other factor that the court expressly finds to be relevant and equitable.
The Supreme Court has fashioned the "abuse of discretion" standard for reviewing courts to apply to trial court's determinations in domestic relations cases, Booth v. Booth (1989),44 Ohio St.3d 142, 144. The Supreme Court made the abuse of discretion standard applicable to divisions of marital property inMartin v. Martin (1985), 18 Ohio St.3d 292. The Supreme Court has repeatedly held the term abuse of discretion ". . . implies that the court's attitude is unreasonable, arbitrary, or unconscionable. . . ." See e.g., Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Appellant asked the court for an unequal division of property in order to provide for the parties' children's school tuition. Appellee conceded because she had four more years of college remaining herself, she would not be in a position for some time to help with education expenses. Appellee also conceded that the parties had had at least one discussion about using the real estate proceeds to pay college tuition.
Appellant argues the court may consider the educational needs of the children under R.C. 3105.171(F)(9), "any other factor the court finds relevant and equitable". The trial court noted there are no statutory provisions for secondary and post-secondary education although the court encouraged the parties to assist the children in pursuit of their educations.
We agree with the trial court there is no statutory provision regarding a child's education. The parties may agree that a portion of marital assets be allocated for education purposes after a child has graduated from high school and attained the age of majority. However in the absence of such a voluntary agreement, no statutory authority exists to order marital property to be expended for the benefit of a child who is not a party to the proceeding.
We find the trial court did not abuse its discretion in deciding to divide the marital property 50 — 50 between the parties. However, the distributive award fashioned by the trial court is defective.
The judgment entry is internally inconsistent, because it suggests two alternative methods by which the distributive award can be paid, and those two alternatives cannot be reconciled. The trial court awarded appellee $280,000.00 within 90 days of the filing of the entry or $60,000.00 per year for five years. These two alternatives result in very different financial divisions. We find the trial court had the authority to give appellant the choice between two alternative methods of paying appellee, but the alternatives must be equivalent. The trial court should recalculate the yearly installments in such a way they result in appellee receiving an amount with the present value the same as the lump-sum amount, taking into account interest on the funds.
For the foregoing reasons, we overrule appellant's first assignment of error, and sustain cross-appellant's second assignment of error and vacate the portion of the judgment entry dealing with the property division award.
 APPELLANT'S ASSIGNMENT OF ERROR II CROSS APPELLANT'S ASSIGNMENTS OF ERROR I AND II
The trial court ordered a deviation from the child support guideline amount in directing appellee to pay $60.00 per month per child. The trial court did not comply with the provisions of R.C. 3113.215, which requires a child support computation worksheet be filed and the court make a finding that the child support calculated thereon is unjust, inappropriate, or not in the best interest of the child.
The trial court did find it should deviate from the guidelines because it was appropriate that the mother contribute to the children's expenses even if it is in a limited manner. The court found this would make the children realize the mother did contribute to their financial well being.
We find the trial court's award of spousal support and child support is an abuse of discretion. The trial court should have complied with the provisions of R.C. 3113.215 and completed a child support computation worksheet. Thereafter, the court could find in the best interest of the children that the basic child support is unjust or inappropriate, and adjusted both that amount, and the spousal amount in a manner which would equitably divide the marital income between the parties and make provisions for the children. In so doing, the court must consider the present income of the parties, the future income of the parties, and the needs of the children. The court retains jurisdiction to review the awards if the parties' incomes or the circumstances change.
The court should, of course, consider the child support and spousal support, both duration and amount, together to reach the most equitable result.
Appellant's second assignment of error is overruled in part and sustained in part; cross-appellant's first assignment of error and third assignment of error are sustained.
 APPELLANT'S ASSIGNMENT OF ERROR III
Finally, appellant argues the court should have allocated income earned in the leasing of the curb machine as his separate property because it found the purchase of the curb machine was made with premarital property. Although in Brigianti v. Brigianti
(1984), 9 Ohio St.3d 220, the Ohio Supreme Court directed us not to find abuse of discretion in a piece meal manner, but rather to view the total award in its context, the court should consider this issue de novo because we vacate and remand the entire property settlement.
The third assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is vacated, and the cause is remanded to that court for further consideration of the issues of the division of property and award of spousal and child support.
By Gwin, P.J., and Reader, J., concur.
Hoffman, J., concurs in part and dissents in part.