On October 26, 1994, appellant, Shari Tristano, and appellee, David Tristano, were married. Both parties had children from prior marriages and were obligated to pay child support. On August 22, 1997, appellant filed a complaint for divorce.
A hearing before a magistrate was held on June 23, 1998. By decision dated August 26, 1998, the magistrate made recommendations as to the allocation of the parties' property and debt. On September 4, 1998, appellant filed objections to the magistrate's decision. By judgment entry filed December 23, 1998, the trial court denied the objections and approved and adopted the magistrate's decision.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I IT WAS AN ABUSE OF DISCRETION TO MAKE AN UNEQUAL AND INEQUITABLE DISTRIBUTION OF MARITAL DEBTS.
II
 THERE WAS AN ABUSE OF DISCRETION TO ALLOCATE DEFENDANT'S INDIVIDUAL DEBT FROM AN AUTOMOBILE ACCIDENT TO THE PLAINTIFF.
III
 IT IS AN ABUSE OF DISCRETION NOT TO MAKE A DEFINITIVE PRONOUNCEMENT OF ALL MARITAL DEBT.
I, II, III
Appellant claims the trial court erred in allocating the marital debt. We disagree.
In reviewing an order on property division, this court will not disturb the trial court's decision absent a showing of an abuse of discretion. Martin v. Martin (1985), 18 Ohio St.3d 292. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. The trial court's decision should be viewed as a whole. Briganti v.Briganti (1984), 9 Ohio St.3d 220.
 ALLOCATION OF THE MARITAL DEBT
Pursuant to R.C. 3105.71, marital debt is to be divided equally. Appellant argues the marital debt was divided unequally and the trial court failed to make any findings of fact as to the parties' Bank One loan, Sears credit card debt, Citibank VISA debt and Bank One VISA debt. We note in Finding of Fact No. 11, the trial court found appellant paid off the "Bank One loan for a 1985 Astro Van, credit cards at Citibank VISA, Sears, Bank One VISA, and J.C. Penney." The trial court found appellant had paid these debts with money she had inherited shortly after the parties separated in August of 1997. In Finding of Fact No. 17, the trial court found appellant assented to paying "the Sears, Penneys, and Citibank VISA credit cards in her name alone as the balances have accrued since the parties' separation." In Finding of Fact No. 19, the trial court found "[t]he Sears obligation, which the Plaintiff paid with a portion of her inheritance, was used to purchase a washer and dryer, which is currently in the possession of the Plaintiff."
In Recommendation No. 5, the trial court approved and adopted the following:
 5. Each party should pay those debts incurred by them since the date of the parties' separation in August, 1997. The Plaintiff shall pay the obligation owed to Dunlap Memorial Hospital, Sears, J.C. Penney, and Citibank VISA. The Defendant shall pay the Beneficial loan. The parties shall equally pay the American General loan as the same was incurred during the parties' marriage with $500.00 specifically used to pay the Plaintiff's back child support.
From our calculations, appellant was assigned $5,162.86 worth of debt broken as follows:
 Dunlap Hospital — $ 111.30 Bank One VISA — $ 400.00 American General — $ 651.56 Sears — $ 700.00 Bank One loan — $1,300.00 Citibank VISA — $2,000.00
The Dunlap Hospital debt represents foot surgery for appellant. T. at 47-48. The Bank One VISA debt represents the deposit on the parties' mobile home which appellant retained.[1] T. at 26. The American General debt was incurred during the marriage for Christmas gifts, living expenses and appellant's back child support obligation. T. at 30-31. The Sears credit card debt represents items appellant retained after the divorce (washer and dryer). T. at 27-28. The Bank One loan represents appellant's Astro Van. T. at 24. The Citibank VISA debt was incurred during the marriage for Christmas gifts and living expenses. T. at 26-27.
The Dunlap Hospital debt was incurred for appellant's foot surgery and is therefore personal debt. Because the Bank One loan debt represents the purchase of appellant's Astro Van which she later sold and kept the proceeds of, said debt is also appellant's personal debt. The American General debt ($651.56), the Sears credit card debt ($700.00), the Bank One VISA debt ($400.00) and the Citibank VISA debt ($2,000.00) amount to $3,751.56 worth of marital debt assigned to appellant. We note the Sears credit card debt (washer and dryer) and the Bank One VISA debt (down payment on mobile home) represent items retained by appellant.
Appellee was assigned $5,294.50 worth of debt broken down as follows:
 American General — $ 651.56 Fingerhut Financial — $1,400.00 Beneficial — $3,242.94
The American General debt is discussed supra. The Fingerhut Financial debt represents a bedroom set retained by appellee. T. at 74-75. The Beneficial debt was incurred prior to marriage but was refinanced during the marriage to secure personal itemsi.e., tape deck, T.V., video cassette recorder, video tape library, tools, camera. T. at 17. The American General debt ($651.56), the Fingerhut Financial debt ($1,400.00) and the Beneficial debt ($3,242.94) amount to $5,294.50 worth of marital debt assigned to appellee. We note the Fingerhut Financial debt (bedroom set) represents an item retained by appellee.
From our calculations, we fail to find an unequal division of marital debt to the detriment of appellant given the assets retained by the parties. In addition, we find the trial court's judgment entry and the magistrate's decision are very specific as to the allocation of the debt.
 AUTOMOBILE ACCIDENT DEBT
Appellant argues the trial court erred in allocating the debt created by an automobile accident caused by appellee. In Finding of Fact No. 15, the trial court found as follows:
 15. In the October, 1996 accident, the Defendant was driving the 1985 Astro Van titled in the Plaintiff's name. At the time of the accident, there was no insurance on the Astro Van. As a result of no insurance on the Astro Van, the Plaintiff's license was canceled for failure to pay a civil judgment relating to the property damage to the other vehicle. That damage totaled $1,194.00. The Plaintiff acknowledged that it was a mutual decision to not pay the insurance premium causing a lapse in the insurance at the time of the October, 1996 auto accident. To reinstate her license, the Plaintiff used part of her inheritance to pay the civil judgment in the amount of $1,194.00 and various fees for reinstatement and bonded insurance.
In Recommendation No. 6, the trial court approved and adopted the following:
 6. The Plaintiff should not recover from the Defendant any amount for monies spent by her as a result of the October, 1996 automobile accident. The Plaintiff testified that she had knowledge that there was no insurance on the vehicle and that it was a mutual decision not to carry insurance on that vehicle due to limited finances.
Appellant argues the amount she had to pay to have her license reinstated was appellee's debt because he had caused the accident. Given the fact it was a mutual decision not to insure the vehicle, we find the trial court did not abuse its discretion in finding both parties to be at fault. The parties' decision was clearly a mutual mistake in gambling against the Ohio Compulsory Insurance law. We agree the vehicle owner, appellant, should be held responsible.
 PRONOUNCEMENT OF MARITAL DEBT
From our review of the record and Findings of Fact Nos. 11 and 15-19 and Recommendations Nos. 5 and 6, we find the trial court was specific in determining and allocating the marital debt.
Assignments of Error I, II and III are denied.
The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.
By Farmer, J. Wise, P.J. and Hoffman, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio is affirmed.
---------------------------
---------------------------
 --------------------------- JUDGES
[1] We note appellant was also allocated the debt on the mobile home in the amount of $19,650.32. However, the value of the mobile home is $19,650.32 and said home was awarded in total to appellant. See, Findings of Fact Nos. 3 and 4 and Recommendation No. 3.