OPINION
Defendant-appellant Dorothy L. Bennett (hereinafter "wife") appeals the January 6, 1999 Judgment Entry/Decree of Divorce of the Licking County Court of Common Pleas, Division of Domestic Relation. Plaintiff-appellee is Robert R. Bennett (hereinafter "husband").
 STATEMENT OF THE CASE AND FACTS
The parties were married on July 1, 1962 and raised seven children. At the date of divorce, all of the children were emancipated. Husband filed an action for divorce on June 2, 1997. On March 17, 1998, the parties appeared and presented evidence before a magistrate at the final contested divorce hearing. At the hearing, Husband testified he owned two parcels of real estate prior to the marriage: 58 South Utah Avenue and 190 Dry Creek Road, both in Newark, Ohio. Husband sold each property during the marriage. With the proceeds from the sale of 190 Dry Creek Road, Husband testified he reduced the principal the parties owed on the marital residence at 13455 Blue Jay Road, also in Newark, Ohio. Husband supported this assertion by producing documentary evidence tracing the sale and disposition of the funds. In a July 9, 1998 Decision, the magistrate found the husband maintained separate property in the marital home, traceable to the sale of the 190 Dry Creek Road property. The magistrate took the husband's contribution to the debt on the marital residence and calculated the percentage of husband's contribution to the fair market value of the property at the time. In order to calculate the fair market value of husband's present separate interest in the marital residence, the magistrate took the current fair market value of the marital residence and attributed that same percentage to determine the husband's separate contribution. The magistrate found this amount was $98,000, or 56% of the present fair market value of the marital property. On August 12, 1998, wife filed eight objections to the Magistrate's Decision. Husband neither responded to the objections nor filed objections of his own. In a December 17, 1998 Opinion, the trial court sustained some of wife's objections and overruled others. On January 6, 1999, the trial court filed the Judgment Decree of Divorce. It is from that judgment entry wife prosecutes her appeal, assigning the following as error:
 I. THE COURT ABUSED ITS DISCRETION IN AWARDING PLAINTIFF-APPELLEE THE SUM OF $11,218.00 AS SEPARATE PROPERTY FROM THE SALE OF THE REAL PROPERTY LOCATED AT 58 SOUTH UTAH AVENUE, NEWARK, OHIO.
 II. THE COURT ABUSED ITS DISCRETION IN NOT FINDING THE ENTIRE VALUE OF THE REAL PROPERTY LOCATED AT 13455 BLUE JAY ROAD, S.E., NEWARK, OHIO, TO BE THE MARITAL PROPERTY OF THE PARTIES.
 III. THE COURT ABUSED ITS DISCRETION IN NOT ORDERING PLAINTIFF-APPELLEE TO PROVIDE MEDICAL INSURANCE FOR DEFENDANT-APPELLANT AS SPOUSAL SUPPORT.
 I
In her first assignment of error, wife maintains the trial court abused its discretion in awarding husband the sum of $11,218.00 as separate property from the sale of real property located at 58 South Utah Avenue in Newark, Ohio. Wife makes two arguments in this assignment. First, wife maintains the property was improved during the marriage and therefore the increase in value became marital property. Second, wife argues any funds from the sale of the separate property was put into a joint savings account, where the asset lost its identity as separate property. As an initial matter, we must address the appropriate standard for an appellate court's review of a trial court's division of marital and separate property. In the past, this court has found the appropriate standard of review to be an abuse of discretion. As a general matter, the overall appropriateness of a trial court's property division in divorce proceedings is to be reviewed under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Further, a trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Biriganti v. Biriganti (1984), 9 Ohio St.3d 220,222. However, we find this standard was modified by the enactment of R.C. 3105.171, which became effective on November 5, 1992. R.C.3105.171 provides in pertinent part: (D) Except as otherwise provided in division (E) of this section or by another provision of this section, the court shall disburse a spouse's separate property to that spouse. If a court does not disburse a spouse's separate property to that spouse, the court shall make written findings of fact that explain the factors that it considered in making its determination that the spouse's separate property should not be disbursed to that spouse.
We agree with our colleagues in the Fourth and First District Courts of Appeals; with the enactment of R.C. 3105.171, the characterization of property as separate or marital became a mixed question of law and fact, not discretionary, and that the characterization must be supported by sufficient, credible evidence. Kelly v. Kelly (1996), 111, Ohio App.3d 641. See also Barkley v. Barkley (1997), 119 Ohio App.3d 155. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse of discretion standard. R.C. 3105.171(D).
The property in question was first acquired by husband on June 22, 1959, just over three years before the parties married. This property was sold during the marriage on April 2, 1976, for $22,435.84. At the March 17, 1998 hearing before the magistrate, husband presented the court with the statement of a savings account into which he deposited $22,000 from the sale of this property. (Plaintiff's Exhibit 7). In making its determination on the objections from the Magistrate's Decision, the trial court stated: The evidence reflected that although the plaintiff purchased the property in 1959, the husband admitted that improvements were made on the property during the marriage. While the Court concedes the initial purchase price was premarital, the property was used primarily as a rental property during the marriage until its sale in 1976. [Husband] noted that the major improvement was the addition of a garage on the property. The Court determines that the proceeds of the sale of the 58 South Utah property was both separate and marital. The Court further determines that based upon the evidence, the equitable solution to these proceeds is to designate them as one-half separate property of the plaintiff and one-half marital. Therefore of the $22,436.00 sale proceeds, $11,218.00 may be assigned to the plaintiff as his separate property and of the remaining $11,218.00, the court finds that $436.00 was used for marital expenses and the remaining $10,782.00 is to be equal divided as marital property; or $16,609.00 to plaintiff and $5,391.00 to defendant from the $22,000.00 deposited in the parties joint account. The Court finds the $11,218.00 is traceable and remains the separate property of the plaintiff. These were part of the funds withdrawn from the joint account by the defendant.
The trial court reviewed the evidence presented at the hearing and found the only equitable solution was to divide the proceeds as one-half separate property and one-half marital property. The trial court's factual determination as to the amount of traceable separate property and the amount of the increase in value during the marriage was supported by competent, credible evidence, and not against the manifest weight of the evidence. Further, we find no abuse of discretion in the overall division of property. Accordingly, Wife's first assignment of error is overruled.
 II
In her second assignment of error, wife argues the trial court abused its discretion in not finding the entire value of the real property located at 13455 Blue Jay Road, SE, Newark, Ohio, to be marital property of the parties. We do not agree. R.C. 3105.171
provides, in pertinent part: (A)(3)(a) "Marital property" means, subject to division (A)(3)(b) of this section, all of the following:
* * *
 (iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage.
* * *
(6)(a) "Separate property" means all real and personal property and any interest in real or personal property that is found by the court to be any of the following:
* * *
 (iii) Passive income and appreciation acquired from separate property by one spouse during the marriage . . .
(Emphasis added).
The court traced husband's contribution of 49% of the purchase price of the Blue Jay Road property. Because the parties made no improvements to the Blue Jay Road property during the marriage, the trial court found $140,000, the amount of appreciation on the property, was entirely passive. The valuations of the marital and separate property as it relates to the Blue Jay Road property is intertwined with the sale of 190 Dry Creek Road in Newark, Ohio. Plaintiff purchased 190 Dry Creek Road in 1955, before the marriage. At the final divorce hearing, neither the purchase price, nor the amount of equity in the Dry Creek Road property at the time of the marriage was established. However, at the time of the parties' marriage, there was still a debt on the Dry Creek Road property in the amount of $2,479.88. This balance was paid off after the marriage. Because the magistrate's decision failed to reflect that $2,479.88 debt, the trial court recalculated the separate and marital property with regard to 190 Dry Creek Road. As stated in the December 17, 1998 Opinion: * * * There was an existing mortgage indebtedness on the premises when the parties were married which was paid off during the marriage. There was no evidence that any major improvements were made to the property after the marriage. * * * About $2,480 remained on loan at the time the parties were married. Of the $19,754.76 applied to the Blue Jay Road property minimally $2,480 was marital property. Resolving the figures to properly reflect plaintiff's's separate property would result in $17,274.76 as plaintiff's separate property or 49% of the purchase price of Blue Jay Road property. Using these figures, the court readjusts the plaintiff's separate property share in the Blue Jay Road property to $85,750.00. * * *
Id. 2-3. Our review indicates the trial court's decision was based on competent, credible evidence and was not against the manifest weight of the evidence. Further, in reviewing the entire marital property division, we find no abuse of discretion. Wife's second assignment of error is overruled.
 III
In her third assignment of error, wife argues the trial court abused its discretion in not ordering husband to continue to provide medical insurance as spousal support. A review of a trial court's decision relative to spousal support is governed by an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v. Holcomb (1989),44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. We agree with the trial court; the facts of this case do not support an award of spousal support in the form of an order to pay medical insurance. The trial court reviewed the evidence and found wife was in a better position to pay the expense of medical insurance. Wife had the benefit of half husband's pension per month in addition to her separate investment income. In fact, the trial court noted husband will have a gross monthly income of $410.26 per month, while wife will have a gross monthly income of $1,232.26 per month. We find no abuse of discretion in the trial court's decision relative to the medical insurance.
For this reason, wife's third assignment of error is overruled.
The January 6, 1999 Judgment Decree of Divorce of the Licking County Court of Common Pleas, Division of Domestic Relations, is affirmed. By: Hoffman, J. Gwin, P.J. and Edwards, J. concurs in part, dissents in part.