DECISION AND JOURNAL ENTRY
Appellant Robert Kita appeals from a judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that adopted the decision of a magistrate to grant the parties a divorce and divide their property. This Court affirms.
Robert and Leslie Kita were married on May 15, 1995. It was the second marriage for each party. No children were born to the couple, but Mrs. Kita has two minor children from a prior marriage who resided with the Kitas throughout their marriage. Mr. Kita was self-employed in a marketing communications company. With the exception of approximately $14,400 that Mrs. Kita brought to the marriage, Mr. Kita provided the sole financial support for the family. Although Mrs. Kita's former husband had been ordered to pay monthly child support, Mrs. Kita did not receive support payments during her marriage to Mr. Kita.
Mr. Kita owned a house in Stow at the time the parties married, which became the marital residence. Many of the possessions of Mrs. Kita and her children, including furniture, appliances, and toys, were stored in the garage. During January 1996, there was a fire at the house, which caused extensive structural damage to the house and destroyed Mrs. Kita's possessions in the garage. The family lived in temporary residences while the house was repaired.
Although Mrs. Kita managed the couple's other finances, Mr. Kita handled the fire insurance proceeds and the repairs to the house. Although the couple received over $60,000 in insurance proceeds, $37,642.69 had been earmarked for the replacement of Mrs. Kita's possessions that were stored in the garage. None of those possessions was ever replaced, however. Instead, the insurance proceeds were used to repair the damage to the house and to pay ordinary living expenses.
Because she expected to return to the house after the repairs were completed, Mrs. Kita played an active role in selecting new flooring, cabinets, and appliances for the kitchen and new carpeting and wall coverings for many of the other rooms. Mr. Kita, however, admitted that he knew the marriage was over months before the fire occurred. He apparently never intended for Mrs. Kita to return to the renovated house and served her with divorce papers before the repairs were completed. While Mr. Kita was able to return to his renovated house, Mrs. Kita lived in "the house from hell" with her children. Because her possessions had not been replaced, she had no furniture or appliances at her new home. For six months, she and her children slept on the floor.
 The divorce proceedings in the trial court were relatively uncomplicated
because this was a short marriage, the couple had no children, and they agreed to a division of most of their property. The trial court found that Mr. Kita had committed financial misconduct by failing to replace Mrs. Kita's furniture and appliances when he knew that she would not be returning to the house when the repairs on the house were completed. Therefore, the trial court awarded Mrs. Kita a share of his property.
Mr. Kita appeals, challenging the trial court's finding that he committed financial misconduct and its decision to compensate Mrs. Kita for his misconduct. Mr. Kita raises four assignments of error, which they will be addressed together because they all raise this same basic issue.
Because the trial was held before a magistrate, whose decision was later adopted by the trial court, Mr. Kita can raise on appeal only those challenges that he properly preserved pursuant to Civ.R. 53. Specifically, Civ.R. 53(E)(3)(b) provides that "[a] party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule." A party's failure to object to a magistrate's report prevents this Court from considering error in the lower court decision. R.G.Real Estate Holding, Inc. v. Wagner (Apr. 24, 1998), Montgomery App. No. 16737, unreported, 1998 Ohio App. LEXIS 1733, at *7.
Mr. Kita did raise timely objections to the magistrate's decision and supported his objections with a transcript of proceedings. On appeal, however, he raises some new arguments that were not raised through his objections in the trial court. Pursuant to Civ.R. 53(E)(3)(b), this Court will reach the merits of only those challenges that have been preserved for review. Most of the arguments raised through Mr. Kita's third and fourth assignments of error were not raised below and, therefore, cannot be reached on appeal.
The challenge that Mr. Kita did preserve for appeal, and which is raised through all of his assigned errors, is the propriety of the trial court's finding that he engaged in financial misconduct and its decision to compensate Mrs. Kita for that misconduct. Pursuant to R.C. 3105.171(E)(3), the trial court has discretion to compensate "the offended spouse" if it finds that the other spouse engaged in financial misconduct, which includes, but is not limited to, the "dissipation, destruction, concealment, or fraudulent disposition of assets[.]" "Financial misconduct" implies some type of wrongdoing such as interference with the other spouse's property rights. Hammond v. Brown (Sept. 14, 1995), Cuyahoga App. No. 67268, unreported, 1995 Ohio App. LEXIS 3975, at *9.
As with all aspects of the trial court's division of marital property, the trial court's ultimate division of property will not be reversed absent an abuse of discretion and its factual findings will be upheld unless they are against the manifest weight of the evidence. See Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222;James v. James (1995), 101 Ohio App.3d 668, 684. Mr. Kita challenges both the trial court's finding that Mr. Kita committed financial misconduct and its decision to compensate Mrs. Kita for his misconduct.
The trial court's factual finding that Mr. Kita engaged in financial misconduct will not be reversed on appeal unless it was against the manifest weight of the evidence. When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986), 33 Ohio App.3d 339, 340.
 Given a finding of financial misconduct, this Court must also determine whether the trial court abused its discretion in compensating Mrs. Kita the way that it did. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
The trial court had before it evidence that Mrs. Kita and her children had stored many of their personal possessions, valued at $37,642.69, in the garage of the house, all of which were destroyed in the fire. Although the insurance company compensated the Kitas for the loss of this property, none of the possessions was replaced. Instead, Mr. Kita spent most of the insurance proceeds on repairs and improvements to his house. Several rooms were completely redone with new flooring and wall coverings; all new cabinets and appliances were installed in the kitchen; and the windows and siding on the house were replaced. Rather than simply replacing what had been in the house before the fire, the Kitas actually made several upgrades. Mr. Kita also replaced his own computer with an upgraded model and purchased himself a new vehicle.
Mrs. Kita acquiesced in these decisions because she thought she would be returning to the house and that she would also benefit from the improvements. She also believed that she would have no need for her furniture and appliances, but that they would merely take up space in the garage. She had no reason to think otherwise. Mr. Kita, however, admitted that he knew that the marriage was over before the fire occurred or any of the renovation began. He did not share that information with Mrs. Kita until the renovation of the house was nearly completed and the insurance proceeds had been spent.
Mrs. Kita and her children came to this short-term marriage with many personal possessions, including furniture and appliances, valued at over $37,000. Mrs. Kita left the marriage with virtually nothing. She was given three days to vacate the hotel room where she had been living while the repairs were completed, and was forced to move into a house with no furniture or appliances. She and her children slept on the floor for the next six months. Mr. Kita, on the other hand, was able to leave the marriage with a completely refurbished house.
After a review of the evidence, this Court certainly cannot conclude that the trial court created a manifest miscarriage of justice by finding that Mr. Kita engaged in financial misconduct or that it acted in an unreasonable, arbitrary, or unconscionable manner by requiring him to compensate Mrs. Kita for the loss of her property. The assignments of error are overruled.
Judgment affirmed.
 The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 BETH WHITMORE FOR THE COURT BAIRD, P.J.
CARR, J. CONCUR