OPINION
Plaintiff Edie Johnson appeals a judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, which ordered certain undeveloped parcels of real estate be sold at auction and the proceeds to be divided equally between plaintiff and defendant Robert E. Johnson. Appellant assigns two errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN AWARDING PLAINTIFF-APPELLANT HER BUSINESSES, AND THEN DIVIDING THE ASSETS OF THE BUSINESS BETWEEN THE PARTIES, WHILE AWARDING DEFENDANT-APPELLEE HIS BUSINESSES WITH ALL ASSETS INTACT.
 II. THE TRIAL COURT ERRED IN DIVIDING THE EQUITY IN THE SALE OF THE REAL ESTATE WITHOUT FIRST REIMBURSING PLAINTIFF-APPELLANT HER EXPENSES.
The record indicates the parties were divorced February 3, 1999. In the final decree of divorce, the trial court directed that all of the undeveloped parcels of real estate be sold and the proceeds divided between the parties equally, Final Decree of Divorce, nunc pro tunc, page two. Thereafter, both parties filed cross motions for contempt, and petitioned the court to enforce the orders contained in the divorce decree. Only the portion of the order dealing with appellant's obligation to pay over half the proceeds from the sale of undeveloped parcels is before us.
 I
The trial court ordered that appellant would retain her business interest in Southpointe, Inc. and Homes by Edie, free and clear from any claim of appellee. The appellee retained his business interest in Johnson Motors and Canton Hardwoods free and clear of any claim of appellant. However, under the terms of the divorce, appellant urges appellee retained all the assets of his businesses, while she was ordered to split the proceeds of the undeveloped parcels which were assets of appellant's businesses. Although appellant urges the order of February 14, 2000, is a clarification or modification of the original divorce decree, our review of the record discloses the order of February 14, 2000 does not modify the original divorce decree, but merely enforces the order. Both briefs state the final divorce decree was the result of an agreement of the parties. Further, neither appealed the original divorce decree. The Supreme Court has fashioned an abuse of discretion standard for reviewing courts to apply in domestic relations cases, see Booth v. Booth (1989), 44 Ohio St.3d 142,144. The Supreme Court specifically made the abuse of discretion standard applicable to division of marital property in Martin v. Martin (1985), 18 Ohio St.3d 292. The Supreme Court has frequently defined the term abuse of discretion as implying ". . . the court's attitude is unreasonable, arbitrary or unconscionable. . . ." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. Our review of the leads us to conclude the trial court did not abuse its discretion in enforcing its prior order. The first assignment of error is overruled.
 II
While appellant's businesses held the various undeveloped properties which are the subject of this appeal, the business paid real estate taxes, insurance, and various other expenses. Appellant urges at the very least, the trial court should have permitted her to deduct the expenses before dividing the profits from the sale of the parcels. As appellee points out, the original divorce decree contained no reference to a credit for expenses, and appellant never appealed the original divorce decree. The Supreme Court has directed us to review divisions of marital property in toto, rather than perform a piecemeal examination of certain aspects of the division, Briganti v. Briganti (1984),9 Ohio St.3d 220. We find the trial court did not abuse its discretion in declining to permit appellant to deduct the expenses associated with the properties before dividing the proceeds of the sale. Accordingly, the second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.