OPINION
Appellant, Gregory Throckmorton, and appellee, Barbara Throckmorton, were married on June 9, 1980. On May 12, 2000, appellee filed a complaint for divorce. A hearing before a magistrate was held on January 25, 2001. By decision filed February 13, 2001, the magistrate made several recommendations, including division of property.
On February 23, 2001, appellant filed objections to the magistrate's decision, claiming the division of property was against the manifest weight of the evidence. Appellee filed objections on February 27, 2001, claiming the magistrate mistakenly listed a debt as an asset and failed to clarify the terms of equalizing the property disbursement. A hearing was held on April 23, 2001. By judgment entry filed April 24, 2001, the trial court sustained appellee's objections and remanded the matter to the magistrate.
On June 20, 2001, the magistrate filed an amended decision, correcting the asset/debt matter and clarifying the terms of the disbursement. A judgment entry final decree of divorce was filed on August 15, 2001.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT'S DIVISION OF PROPERTY IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 II. THE TRIAL COURT'S FINDING WITH RESPECT TO THE VALUE OF THE MARITAL RESIDENCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant's two assignments of error challenge the trial court's decision on division of property and valuation of the marital home as being against the manifest weight of the evidence.
The trial court is provided with broad discretion in deciding what is equitable upon the facts and circumstances of each case. Cherry v.Cherry (1981), 66 Ohio St.2d 348. We cannot substitute our judgment for that of the trial court unless, when considering the totality of the circumstances, the trial court abused its discretion. Holcomb v.Holcomb (1989), 44 Ohio St.3d 128. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co. (1978),54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court.Myers v. Garson (1993), 66 Ohio St.3d 610.
 I
Appellant claims the trial court erred in adopting Plaintiff's Exhibit 32 for the total number of baskets in appellee's collection, thereby failing to divide the personal property equally. Appellant claims appellee has over one hundred Longaberger baskets and said exhibit only cites to twenty baskets.
On cross-examination, appellee testified she had twenty Longaberger baskets. T. at 45-46. Appellant testified he did not want appellee to have all the baskets and appellee had about "100 and some baskets there, I got pictures." T. at 77, 79. No photographs were placed into evidence.
The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. Seasons Coal Company, Inc.v. City of Cleveland (1984), 10 Ohio St.3d 77. It is clear from the trial court's order that it chose to believe appellee's basket count as opposed to appellant's. We cannot find any abuse of discretion by the trial court for believing one party over another.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in not accepting the stipulated value of the marital residence. During the course of the hearing, the following discourse between counsel took place before the magistrate:
 BY MR. HAURITZ: Do you stipulate to the value of the property at $85,000?
 BY MR. HORNBROOK: Yeah, yeah, that's your appraisal, I mean, you know why I wanted like 1,000 bucks more, but, I'm stipulating this is your appraisal, right — what number is that?
 BY MR. HAURITZ: Actually, you know what, I got 86, you got 85, we'll stipulate to 85,500.
 BY MR. HORNBROOK: Yeah, that's fine. No problem there.
 BY THE MAGISTRATE: Eighty-five, five is what you're stipulating to.
BY MR. HAURITZ: Yes.
BY MR. HORNBROOK: Yes * * *.
T. at 28.
By definition, a "stipulation" is "an agreement, admission, or concession." Barron's Law Dictionary (3 Ed.1991) 464. Although each party had appraisals, $85,000 and $86,000, they agreed to the median amount of $85,500. It was appellee's appraisal that came in at $86,000. T. at 29; Plaintiff's Exhibit 15.
In its judgment entry decree of divorce filed August 15, 2001, the trial court found the following on the valuation of the marital residence:
 The parties own real property, which is the marital residence, and is located at 161 Fromm, N.W., in Canton, Ohio. Per the appraisals presented by both parties, the estate is valued at $85,000.00. The estate is encumbered by a mortgage which has a balance of $31,167.61. The Wife testified that she desires to retain the marital real estate.
* * *
 The Wife shall receive the following marital property:
 The marital estate locate at 161 Fromm, N.W., Canton, Ohio, with a net value of $58,832.39.
The trial court also ordered a payment by appellant to appellee in the amount of $18,514.16 to make the division of marital property equitable. See, Paragraph No. 7. The disputed issue sub judice would be a $250.00 credit toward said payment. As we are reminded by the Supreme Court of Ohio in Briganti v. Briganti (1984), 9 Ohio St.3d 220, a trial court's property division must be viewed in its entirety.
R.C. 3105.171 refers to an equitable division; this does not necessarily imply a fifty-fifty to the penny distribution as that might be at times impossible. Further, although parties may stipulate to amounts, the trial court had before it the competing valuations. We fail to find an abuse of discretion by the trial court which would invalidate the entire marital distribution.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is hereby affirmed.
By Farmer, P.J., Wise, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Family Court Division is affirmed.