OPINION
{¶ 1} Defendant-appellant Charles Espenschied ("husband") appeals the March 4, 2002 Judgment Entry entered by the Tuscarawas County Court of Common Pleas, General Trial Division, which granted plaintiff-appellee Kris Espenschied ("wife") a divorce from husband, divided the parties' marital assets and debts, and ordered husband to pay child and spousal support.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Husband and wife were married on June 18, 1988. Three children were born as issue of said union, to wit: Scott (DOB 6/8/90), Stacy (DOB 10/25/95), and Steven (DOB 2/17/01). On March 1, 2000, wife filed a Complaint for Divorce in the Tuscarawas County Court of Common Pleas, General Trial Division. Husband filed a timely Answer and Counterclaim. The matter proceeded to final hearing before the magistrate on July 9, and 30, 2001.
 {¶ 3} The evidence adduced at the hearing revealed the parties owned real estate located at 523 Fair Avenue, New Philadelphia, Ohio. The first mortgage on the marital residence had an approximate balance of $51,000. The home equity loan had an approximate balance of $4,000. The fair market value of the marital residence was estimated at $88,000, giving the parties $33,000 of equity in the home. Wife runs a day care program out of the marital residence, earning approximately $6,000/year. Husband earns approximately $28,000/year through his employment with US Ceramic Tile. Husband supplements this income through handyman jobs. Wife socializes with friends two or three evenings per week, during which time husband cares for the parties' children. The parties' current marital debts included a $525.00 hospital bill from the birth of their youngest child, an ambulance bill in an unknown amount, as well as credit card debt. Wife is the primary caregiver to the children. Husband's personality is marred with impatience and distrust.
 {¶ 4} Based upon the foregoing evidence, the magistrate recommended wife be granted a divorce from husband on the grounds of gross neglect of duty and extreme cruelty. Additionally, the magistrate recommended wife be named the residential parent and legal custodian of the children, and husband be granted companionship pursuant to the trial court's companionship schedule. The magistrate further found husband should pay child support in the amount of $577.53/month, and should be entitled to claim the children as tax dependents on all income tax returns for each year in which he is current on his child support. The magistrate determined husband should pay spousal support to wife in the amount of $300.00/month for forty-eight months. With respect to the marital residence, the magistrate recommended such should be the sole property of wife, who would be responsible for the payment of the mortgage, taxes, home equity loan, insurance, and assessment on the property. The magistrate ordered wife to attempt to refinance the mortgage, remove husband's name from the mortgage within ninety days, and when the house was refinanced, pay husband $16,500.00, representing his one-half share of the equity in the home. With respect to marital debts, the magistrate recommended husband pay the credit card debts as well as one-half of the telephone bill with wife paying the remaining one-half of the telephone bill.
 {¶ 5} Husband filed timely objections to the magistrate's decision. Specifically, husband objected to the magistrate's recommendations regarding the issues of companionship with the minor children, the marital residence, spousal support, and payment of the marital debts. The trial court conducted an oral hearing on the objections on January 14, 2000. Via Judgment Entry filed March 4, 2000, the trial court approved and adopted the magistrate's decision with modifications.
 {¶ 6} It is from this judgment entry husband appeals, raising the following assignments of error:
 {¶ 7} "I. THE DECISION BY THE TRIAL COURT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND FAILED TO SETTLE THE PROPERTY ISSUES WITH FINALITY.
 {¶ 8} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING APPELLANT TO PAY PLAINTIFF'S SOLE VISA BILL AND PLAINTIFF'S LONG DISTANCE TELEPHONE BILL.
 {¶ 9} "III. THE SPOUSAL SUPPORT AWARDED BY THE TRIAL COURT WAS EXCESSIVE, NOT SUPPORTED BY THE RECORD, AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, AND ABUSE OF DISCRETION."
 I {¶ 10} In his first assignment of error, husband challenges the trial court's decision relative to the marital residence. Specifically, husband takes issue with the trial court's modification of the magistrate's recommendation No. 7.
 {¶ 11} The magistrate recommended the following: "The marital residence should be the sole property of [wife], who should be solely responsible for the payment of all mortgage, tax, home equity loan, insurance and assessments on the property. [Wife] shall attempt to refinance the mortgage in good faith and remove [husband's] name from the mortgage within 90 days of the date of this Decision using a co-signer if necessary. Should she be unable to qualify for refinancing at this time, she should attempt to refinance at least one time every 18 months and provide evidence of such to [husband]. [Wife] shall pay to [husband] his one half of the equity in the home, which is hereby established at $16,500.00, when the house is refinanced to remove [husband's] name from the mortgage, when the house is sold, or 48 months from the date of this Decision, whichever occurs first."
 {¶ 12} Husband objected to this recommendation, asserting his credit would be encumbered for a period of forty-eight months, and his value in the marital property is minimized by the fact wife has forty-eight months interest free to pay him. The trial court modified the recommendation as follows: "The marital residence shall be the sole property of [wife], who shall be solely responsible for the payment of all mortgages, tax, home equity loan, insurance and assessments on the property. [Wife] shall attempt to refinance the mortgage in good faith and remove [husband's] name from the mortgage within ninety (90) days of the date of this Decision using a co-signer, if necessary. Should she be unable to qualify for refinancing at this time, she should attempt to refinance at least one time every eighteen (18) months and provide evidence of such to [husband]. [Wife] shall pay to [husband] his one-half of the equity in the home, which is established at $16,500.00, and shall pay this amount, plus interest, at a rate of two percent (2%) per annum, until the date of the refinance or sale, to be completed within 48 months."
 {¶ 13} Husband now asserts the 2% interest rate chosen by the trial court was arbitrary and artificial. We disagree.
 {¶ 14} A trial court has broad discretion in equitably dividing marital property. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218,450 N.E.2d 1140. The trial court's discretion in determining the division of marital property extends to a court's order to sell and divide the parties' equity in the marital residence. Booth v. Booth (1989),44 Ohio St.3d 142, 541 N.E.2d 1028. Upon appellate review, the trial court's division of marital property will be upheld unless the decision constitutes an abuse of discretion. Cherry v. Cherry (1981),66 Ohio St.2d 348, 355, 421 N.E.2d 1293. An abuse of discretion means the decision of the trial court was unreasonable, arbitrary or unconscionable. Blakemore at 219. Likewise, the trial court's division of proceeds from the sale of the marital residence will not be disturbed absent an abuse of discretion. Booth, supra.
 {¶ 15} Given the fact husband's income is significantly higher than wife's income, and the fact wife was the primary caregiver of the children, we do not find the trial court abused its discretion in making said modifications to the magistrate's recommendation relative to the marital residence.
 {¶ 16} Husband's first assignment of error is overruled.
 II {¶ 17} In his second assignment of error, husband asserts the trial court abused its discretion in ordering him to pay certain credit card debt, and one-half of the telephone bill. Our standard of review of a trial court's division of marital debts will be affirmed absent an abuse of discretion. Fields v. Fields (Apr. 8, 1992), 9th App. No. 15235, unreported.
 {¶ 18} With respect to the trial court's order husband pay one-half of the telephone bill, we note the record reveals such was accumulated during the marriage; therefore, was a marital debt. We cannot find the trial court abused its discretion in splitting said debt between the parties.
 {¶ 19} We now turn to husband's argument relative to the trial court's failure to split the credit card debt and requiring husband be solely responsible for said debt. As we are reminded by the Ohio Supreme Court in Briganti v. Briganti (1984), 9 Ohio St.3d 220, a trial court's property division must be viewed in its entirety, rather than examining individual awards in a piece-meal fashion. We find the amount of debt the trial court assessed to husband to be de minimus in comparison to the total marital property. Accordingly, we find the trial court did not abuse its discretion in ordering husband to be responsible for the entire credit card debt.
 {¶ 20} Husband's second assignment is overruled.
 III {¶ 21} In his final assignment of error, husband challenges the trial court's spousal support. Again, our standard of review is abuse of discretion.
 {¶ 22} The trial court ordered husband to pay wife $300/month for forty-eight months, effective the first of the month following the month the parties no longer resided together. Husband asserts such decision was erroneous as wife testified she expected to earn approximately $20,000/year once she became a certified day care provider. Husband explains such would bring their respective salaries to a more equal level, making spousal support inappropriate.
 {¶ 23} The record reveals wife's ability to earn $20,000/year was purely speculative. At the time of divorce, wife was earning approximately $6,000/year and husband's income was $28,000/year. Further, by the parties' agreement, wife took the role of primary caretaker of the parties' children as a "stay at home mom." The marriage was one of relatively long duration — thirteen years. Based upon the foregoing, we find the trial court did not abuse its discretion in ordering husband to pay wife spousal support.
 {¶ 24} Husband's third assignment of error is overruled.
 {¶ 25} The judgment of the Tuscarawas County Court of Common Pleas, General Trial Division, is affirmed.
By: Hoffman, P.J., Gwin, J. and Edwards, J. concur.