BRIGANTI, APPELLANT, *v.* BRIGANTI, APPELLEE.

[Cite as Briganti *v.* Briganti (1984), 9 Ohio St. 3d 220.]

(No. 83-378—Decided February 22, 1984.)

*Mr. Louis E. Katz,* for appellant.

*Mr. Don L. Hanni,* for appellee.

*Per Curiam.* In this appeal, appellant contests only that portion of the court of appeals' judgment affirming the disposition of the auto club pension and the insurance policy on appellee's life.

In her single proposition of law, appellant argues that it was an abuse of discretion for the trial court to award these assets to appellee without having ascertained their value. It is appellant's contention that where there is no evidence as to an asset's value, the trial court is required to either order the parties to submit further evidence or to divide the asset equally between the parties.

In response, appellee argues, as the court of appeals held, that appellant had ample opportunity to obtain evidence as to the valuation of these assets and admit same at the trial, and that her failure to do so precludes her from arguing that the trial court abused its discretion. In part, the basis for the court of appeals' decision in this regard was its concern that "* * * a trial judge must watch that he does not compromise his role as an impartial referee by too much intrusion into the presentation of the case by either one of the parties' counsel."

The propositions advanced by the parties herein in this cause disregard well-settled principles governing the review of alimony and property division awards.

Each party proposes a blanket rule applicable in all situations. Appellant argues that in any case where the value of an asset is undetermined, the court must require the parties to submit evidence or divide the asset equally. Appellee argues that in any case where evidence is not introduced, an appellate court must decline review. This court has consistently held that "* * * flat rules have no place in determining a property division." *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348, 356 [20 O.O.3d 318]. See, also, *Berish* v. *Berish* (1982), 69 Ohio St. 2d 318, 320 [23 O.O.3d 296]; *Koegel* v. *Koegel* (1982), 69 Ohio St. 2d 355, 357 [23 O.O.3d 320]; *Blakemore* v. *Blakemore* (1983), 5 Ohio

St. 3d 217, 218. These cases hold that "* * * [a] trial court must have discretion to do what is equitable upon the facts and circumstances of each case." *Cherry, supra,* at 355; *Berish, supra,* at 320; *Koegel, supra,* at 357; *Blakemore, supra,* at 218.

Accordingly, a reviewing court is limited to determining whether, considering the totality of circumstances, the trial court abused its discretion. *Id.* at 218-220. In the case at bar, appellant contests two items of the property division taken out of the context of the entire award. The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion.

In his ruling from the bench, the trial judge considered the fact that the values of the policies were undetermined and for that reason, awarded each party the policy on his or her own life. He also considered the pension plans, at least as to the amount of benefits appellee would be entitled to receive. From the findings of fact, it is apparent that the trial court considered the factors enumerated in R.C. 3105.18.

In view of the fact that the items which appellant contests (*i.e.,* the auto club pension and the appellee's life insurance policy) are only a minor part of the total award and in view of the trial court's consideration of these matters with the limited record available, we cannot conclude that the trial court abused its discretion.

For the reason that the trial court did not abuse its discretion in awarding to appellee the insurance policy on his life and the auto club pension, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.