OPINION
Appellant T. Chris Hansen is appealing the decision of the Court of Common Pleas, Domestic Relations Division, Morrow County. The following facts give rise to this appeal.
Appellant T. Chris Hansen and Appellee Connie Hansen were married on June 14, 1974. Two children were born as issue of the marriage. In 1986, the parties purchased a KOA Campground for $210,000. Appellant cashed in his retirement and applied $50,000 of his retirement proceeds toward the purchase of the campground. The parties were subsequently forced to borrow money, from their respective families, because the campground produced only minimal income between the years 1986 and 1997.
Appellant signed a promissory note, dated July 14, 1993, in the amount of $67,546.10, evidencing the money he borrowed from his parents. Appellee was not aware that appellant signed this promissory note. Appellant borrowed an additional $3,000 from his parents, in either 1993 or 1994, in order to purchase washers and dryers for the campground. There is no note for these funds. Neither of these loans have been repaid. In 1993, appellee's father loaned the parties $10,000 in order to sustain the campground through the winter. Appellee made monthly payments, on this loan, of $239.32. Appellee stopped paying on the loan in December of 1994 when her father paid the remaining balance of $5,159.28 to the bank.
The trial of this matter commenced on January 21, 1997. At trial, the parties stipulated that appellant should receive a $50,000 credit toward the equity of the campground. The parties further agreed there was a debt owed to appellant's mother in the amount of $67,540 and a separate debt of $3,000. The magistrate entered her order on August 6, 1997. The magistrate determined that the money borrowed from appellee's father was a joint marital debt. The magistrate determined the money borrowed from appellant's parents was not a valid marital debt. As to the $50,000 debt, the magistrate gave nearly half of this credit to appellee.
Appellant timely filed objections to the magistrate's report on August 19, 1997. The trial court addressed appellant's objections and adopted the magistrate's report on January 7, 1998. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT'S DISTRIBUTION OF MARITAL ASSETS 
DEBTS IS CONTRARY TO THE MAGISTRATE'S FINDINGS AND FAILS TO CONSIDER TAX CONSEQUENCES AS REQUIRED BY LAW.
 II. THE TRIAL COURT ERRED IN EXCLUDING AS MARITAL DEBT OBLIGATIONS OWED TO THE APPELLANT'S MOTHER.
 III. THE TRIAL COURT'S FINDING THAT THE APPELLANT'S PARENTS MADE A GIFT OF $70,540.00 TO APPELLANT AND THAT ALL PROPERTY PURCHASED WITH THAT MONEY WAS MARITAL ASSETS IS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND IS A MISAPPLICATION OF THE LAW.
 I
Appellant maintains, in his first assignment of error, the trial court's distribution of assets and debt is contrary to the magistrate's findings and fails to consider tax consequences as required by law. We disagree.
A review of the trial court's division of marital property is governed by an abuse of discretion standard. Martin v. Martin
(1985), 18 Ohio St.3d 292, 294. We cannot substitute our judgment for that of the trial court, unless when considering the totality of circumstances, the trial court abused its discretion. Further, a trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.
Appellant first maintains, under this assignment of error, the magistrate failed to award him the $50,000 credit toward the KOA Campground. We find appellant waived this issue by not raising it in his objections. Civ.R. 53(E)(3)(b) provides, in pertinent part:
 (b) Form of objections. * * * A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Since appellant did not raise the $50,000 credit, in his objections, to the trial court, appellant waived this issue and we will not address it on appeal. See Keatley v. United Bank TrustCo. (1980), 68 Ohio App.2d 198.
Appellant next contends the trial court erred by failing to determine the tax consequences of its property division as required by R.C. 3105.171(F)(6). Appellant maintains that he has not resided in the marital home since 1992 and therefore, he will not be permitted to roll-over the gain on the sale of the marital home while appellee will be permitted to do so. Appellant also argues the trial court erred because it failed to address how the capital gains tax should be paid, if it is incurred, upon the sale of the campground.
Upon review of the record, we find it does not contain any evidence regarding how the trial court should address this matter. Although appellant raised the issue of tax consequences, in his objections, filed with the trial court, appellant did not explain what the consequences would be or provide the trial court with any guidance as to how to remedy these tax consequences. Therefore, the trial court did not abuse its discretion when it failed to further consider the tax consequences of its decision.
Appellant's first assignment of error is overruled.
 II
Appellant contends, in his second assignment of error, the trial court erred in excluding, as a marital debt obligation, the debt owed to his mother. We disagree.
We review this assignment of error under a manifest weight standard of review. Our role, therefore, is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries
(Feb. 10, 1982), Stark App. No. CA-5758, unreported. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279.
We find the trial court's conclusion, that the debt owed to appellant's mother is not a marital debt, supported by the weight of the evidence. Appellant signed the promissory note evidencing the debt of $67,546.10, on July 14, 1993, after the parties separated. Appellant borrowed another $3,000, in 1993 or 1994, to purchase washers and dryers for the campground. This also occurred after the parties separated.
The trial court determined there was insufficient evidence to establish whether the "note" to appellant's mother was a legitimate debt or simply a gift to appellant. Journal Entry at 9. The trial court further indicated there is no repayment schedule nor have any payments been made to appellant's mother.Id. Based upon this evidence, we find the trial court's decision is not against the manifest weight of the evidence. The record supports the trial court's conclusion that the debt owed to appellant's mother is a non-marital debt obligation.
Appellant's second assignment of error is overruled.
 III
In his final assignment of error, appellant contends the trial court's finding that appellant's parents made a gift of $70,540 to appellant and that all the property purchased with that money was marital assets is not supported by sufficient evidence. We disagree.
Although appellant's parents may have given him the money as a gift, the fact that he received this money as a gift does not mean it could not be used to purchase marital assets and therefore, become marital property. At the hearing, appellant testified that he borrowed the money to make the following equipment acquisitions and improvements to the KOA Campground:
Two Dodge Trucks $5,000
Travel Trailer $1,000
Four Cabins $25,000
Back Hoe $5,000
Delinquent KOA Royalties $17,000
Delinquent Real Estate Taxes $7,000
Dump Truck $2,000
 Laundry Room Upgrade $3,000 _____________ $65,500
Appellant admits all these purchases were made for the purpose of improving the campground. The trial court determined the campground was a marital asset and that both parties have a one-half interest in the property. Journal Entry at 7. Therefore, since appellant used the money to improve a marital asset, he is not entitled to a credit for $70,540.
Appellant's third assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Morrow County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Morrow County, Ohio, is affirmed.