OPINION
Defendant-appellant Joyce Thomas, fka Winkler [hereinafter appellant], appeals the February 28, 2000, Judgment Entry of the Tuscarawas County Court of Common Pleas. Plaintiff-appellee is Jay Winkler [hereinafter appellee].
 STATEMENT OF FACTS AND CASE
Appellant and appellee were married on May 18, 1996. No children were born as issue of the marriage. The parties separated for a period of time in July, 1996, and separated permanently in November, 1996. Appellee filed a Complaint for Divorce on November 15, 1996. The Judgment Entry of Divorce was entered on February 27, 1997, but the Entry did not divide the property. A trial on the division of property and a motion for contempt was held on August 26, 1997, and March 31, 1998. The Magistrate issued a decision on June 30, 1998. Appellant filed Objections to the Magistrate's Decision, and after obtaining the transcript of the proceedings, filed supplemental Objections to the Magistrate's Decision. An oral hearing on the Objections was held before the trial court on February 8, 1999. A Judgment Entry overruling appellant's Objections and adopting the Magistrate's Decision was filed on February 28, 2000. In adopting the Magistrate's Decision, the trial court ordered that appellant pay appellee $2,500.00 for improvements made by appellee to appellant's pre-marital residence and $3,000.00 for items in appellant's possession which were charged to appellee's credit card, that each party retain their individual property, that appellant return certain identified belongings to appellee which were in her possession, and each party pay their individual debts. It is from the February 28, 2000, Judgment Entry that appellant brings this appeal, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO PAY $2,500.00 TO APPELLEE FOR IMPROVEMENTS MADE TO APPELLANT'S PRE-MARITAL RESIDENCE.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN REQUIRING APPELLANT TO PAY APPELLEE $3,000.00 FOR ITEMS IN HER POSSESSION WHICH WERE CHARGED TO APPELLEE'S VISA ACCOUNT.
 ASSIGNMENT OF ERROR III THE DIVISION OF PROPERTY ENTERED BY THE TRIAL COURT WAS INEQUITABLE AND AN ABUSE OF DISCRETION.
Initially, we note that we generally review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348,421 N.E.2d 1293. However, with the enactment of R.C. 3105.171, the characterization of property as separate or marital is a mixed question of law and fact, not discretionary, and the characterization must be supported by sufficient, credible evidence. Chase-Carey v. Carey (Aug. 26, 1999), Coshocton App. No. 99CA1, unreported, 1999 WL 770172; See, McCoy v. McCoy (1995), 105 Ohio App.3d 651, 654, 664 N.E.2d 1012; Kelly v. Kelly (1996), 111 Ohio App.3d 641, 676 N.E.2d 1210. Once the characterization has been made, the actual distribution of the asset may be properly reviewed under the more deferential abuse-of-discretion standard. R.C. 3105.171(D); Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 450 N.E.2d 1140. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Id. We further note that an appellate court is not required to conduct an item-by-item review of a property division. The trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222, 459 N.E.2d 896. It is pursuant to this standard of review that we review appellant's assignments of error.
 III
In the first assignment of error, appellant argues that the trial court erred when, in its division of property, it required appellant to pay $2,500.00 to appellee for improvements made to appellant's pre-marital residence. In the second assignment of error, appellant contends that the trial court erred in requiring appellant to pay appellee $3,000.00 for items in her possession which were charged to appellee's Visa credit card.Appellant fails to cite this court to the record in support of this factual assertion. (See Rule!!!) Pursuant to the Supreme Court's guidance in Briganti, that an appellate court is not required to conduct an item-by-item review of a property division in a divorce but should look at the division as a whole, we will review these assignments of error together.
The appellee presented an exhibit to the Magistrate titled "Labor and Improvements Made to Marital Home by Jay Winkler [appellee]." The items on this exhibit totaled $6,538.00. As appellant points out in her brief, appellee admitted at trial that some of these were paid for from the parties joint account. Appellant argues that appellee is only entitled to half of any increase in the value of the property which resulted from the improvements. Appellant further argues that since appellee did not establish that there was any increase in value, appellee was entitled to nothing. We find that the trial court did not abuse its discretion in ordering appellant to pay $2,500.00 to appellee for home improvements made. This reimbursement to appellee is certainly reasonable considering that the appellee expended considerable labor and a portion of his earnings to improve the appellant's property and the parties were only together four months. The appellant claims it was error to order her to pay appellee $3,000.00 for items appellant possessed but are included in appellee's credit card balance for which appellee is responsible. Appellant claims, in her brief, that appellee received $4,591.19 of the items listed on appellee's exhibit 13. Appellee's exhibit 13 lists items totaling $6,566.47 and sets forth that these items make up the items still being paid for by appellee on the Colonial Bank Visa. Appellant points out that $6,566.47 minus $4,591.19 (items received by appellee) equals $1,975.28 and not $3,000.00. (Appellant further argues only $951.02 of the $1,975.28 were items purchased for her benefit.) However, the trial court found that the Visa account had had a debt of over $7,000.00 at one time. This finding is unchallenged on appeal. In addition to these facts, the trial court found that appellee had sold $9,750.00 in furniture at a $6,000.00 loss when he moved to the marital residence. Considering all these facts, we cannot find, in viewing the trial court's property division in its totality, that the trial court abused its discretion. In light of our standard of review, we find that the trial court's award of $2,500.00 to appellant for work done to appellant's pre-marital home and the award of $3,000.00 for items charged to appellee's credit card but which remained in the possession of appellant do not constitute an abuse of discretion. Upon review of the division of property as a whole, we find the division was fair and equitable. Appellant's first and second assignments of error are overruled.
 III
In appellant's third assignment of error, appellant contends that the trial court's division of property was inequitable and an abuse of discretion. Specifically, appellant contends that the trial court abused its discretion in relying on findings of fact that were not supported by competent, credible evidence and were taken directly, verbatim from appellee's Proposed Findings of Fact. Appellant cites this court to two factual findings, numbers 10 and 11 in example. The cited findings concern whether a bank account was the separate property of appellant and whether, during the marriage, appellant purchased three horses rather than only one horse, as the trial court found. Appellant reasons that the trial court's reliance on erroneous findings of fact lead to an inequitable division of property. However, of all the arguments raised in this assignment of error by appellant, only the argument regarding the bank account was raised by appellant in her objections to the Magistrate's Decision in the trial court. "A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion." Civ.R. 53(E)(3). Therefore, we find that appellant has failed to preserve her general challenge to whether the findings of fact were supported by competent, credible evidence. Appellant has preserved her challenge regarding the bank account. In her Objections, appellant did challenge whether the trial court erred "in finding that Defendant [appellant] had taken $4,700.00 from a joint account at the time of the parties' separation, without also finding that the monies in the joint account were the separate property of Defendant." Appellant argues that the account in question was her pre-marital property and that she placed appellee's name on the account the day before the marriage. Since she contends that appellee placed only $250.00 into that account during the marriage, she argues the account should have been declared her separate property. While we agree that the trial court should have designated this account as either separate or marital property, we find that the trial court treated it as the separate property of the appellant. The appellant was granted this account and the appellee was not granted any part of it either directly or through an award of some other property.
Appellant's third assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
Edwards, J. Gwin, P.J. and Wise, J. concur