OPINION
{¶ 1} Appellant Jeanie Steiner appeals from her judgment in divorce in the Court of Common Pleas, Stark County, Domestic Relations Division. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant married Appellee Scott Steiner on December 30, 1999. Appellant filed a complaint for divorce on January 18, 2002. Appellee answered and counterclaimed on February 21, 2002. On September 20, 2002, the trial court conducted a final divorce evidentiary hearing. Appellant therein sought, inter alia, an equal division of appellee's 401(K) proceeds and 2001 federal tax refund. The trial court found appellee had used his withdrawn 401(K) funds ($4,700) to pay "joint household expenses and medical bills" and had used his tax refund to pay "car payments, marital bills and charges on the storage unit." Judgment Entry at 3. The court, by denying all other motions, implicitly denied appellant's request for an equal division of said proceeds. However, appellee was ordered to pay $2500 for appellant's attorney fees. A final decree of divorce was rendered on September 25, 2002.
 {¶ 3} Appellant timely appealed and herein raises the following two Assignments of Error:
 {¶ 4} "I. The court committed error at law when not awarding the plaintiff one-half of the tax refund and one-half of the net proceeds (after taxes and penalties), from the defendants 401(k).
 {¶ 5} "II. The judgment of the trial court with respect to the division of the 401(k) and income tax refund of the husband is against the manifest weight of the evidence.
I., II.
 {¶ 6} In her First Assignment of Error, appellant contends the trial court erred in declining to award her one-half of the proceeds of appellee-husband's tax refund and 401(K). In her Second Assignment of Error, appellant contends the trial court's division of said funds was against the manifest weight of the evidence. We disagree on both counts.
 {¶ 7} Appellant first specifically argues that the records utilized by appellee to support his claim of using funds to medical bills were inadmissible hearsay. The records, collated in Defendant's Exhibit 3, consist mainly of photocopied medical bills incurred for appellant. Evid.R. 803 provides as follows:
 {¶ 8} "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
 {¶ 9} "* * *
 {¶ 10} "(6) A memorandum, report, record, or data compilation, in any form, of acts, events, or conditions, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness * * * unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. * * * "
 {¶ 11} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173,180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing the disputed evidence. See State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 12} Admission of business records has been found to be an abuse of discretion where an inadequate foundation is laid to establish the admissibility of the records under Evid.R. 803(6). See Hinte v. Echo,Inc. (1998), 130 Ohio App.3d 678, 684, 720 N.E.2d 994, citing State v.Comstock (Aug. 15, 1997), Ashtabula App. No. 96-A-0058. However, our analysis is not complete. It is nevertheless incumbent upon appellant to demonstrate error by the trial court prejudicial to her. See App.R. 12(D). An appellant should specifically raise on appeal instances of the prejudicial effect of the use of disputed exhibits, rather than leaving an appellate court to speculate how the exhibits affected the outcome of the case. See Enz v. Enz (June 5, 1998), Miami App. No. 97-CA-53. The trial judge in the case sub judice never specifically indicated he was drawing a nexus between the medical bills exhibit and his implicit denial of appellant's request to split the 401(K) and refund monies.
 {¶ 13} Moreover, as is also pertinent to appellant's Second Assignment of Error, we review the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v. Cherry (1981), 66 Ohio St.2d 348. Furthermore, a trial court's property division should be viewed as a whole in determining whether it has achieved an equitable and fair division. Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222. The trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967), 10 Ohio St.2d 230. Appellant and appellee were the main witnesses at the divorce trial. Appellee testified that he had paid the bills of the marriage, and that the task was difficult. Tr. at 38. Appellant moved out and appellee continued to pay the lease, utilities and car payment. Id. To get some relief, he cashed out his 401(K). He then had to pay the balance on a Chrysler automobile that he "had to get rid of" so that he could get a Kia. Tr. at 39. He recalled having numerous medical bills to pay for the parties' two children. Id. His testimony continued:
"Q. And then early in 2002 you took [the 401(k)] out?
"A. Yes.
"Q. And you have to pay taxes on that this year?
"A. Yes.
 "Q. Now, you've caught up the household bills, the rent the car payments and some medical expenses for the children?
"A. Right.
"Q. Did you pay any other medical expenses?
 "A. I, there was one medical expense for myself ah . . . Jeanie's medical expense, her getting, I not (sic) sure of the technical term but her tubes tied. Ah . . . Kelsey first half of the dentist bill, ah . . . just everything (not audible).
 "Q. Scott I'm going to hand you what we'll mark as defendants exhibit 3. This is tab ah . . . seven. What is that Scott?
 "A. Ah . . . (not audible) from Aetna (not audible) was my previous insurance for Kuntzman Trucking. Aetna now being our insurance for Kuntzman Trucking ah . . . bills statements copies of check of everything I've paid since me and Jeanie have been together.
 "Q. How much, did we total that for preparation to know how much they were?
"A. Ah . . .
"Q. How much were, was it?
"A. For Jeanie Steiner from 2001 to 2001 (sic) was a $1001.63.
"Q. Did you pay that out of the funds you took out of the 401k?
"A. Yes mame(sic).
"Q. Do you have anything left from the 401k?
"A. Nothing.
"Q. Nothing?
"A. I, no it's gone." Tr. at 40-41.
 {¶ 14} Upon review of the record, we find the hearsay concerns raised by appellant fail to warrant reversal, as the challenged documentation in Exhibit 3 was merely corroborative of appellee's own financial testimony, which the trial court had discretion to believe or disbelieve under the circumstances presented. App.R. 12(D). Similarly, we find no merit in appellant's contention that the trial court's decision in dividing marital property constituted an abuse of discretion or was against the manifest weight of the evidence.
 {¶ 15} Appellant's First and Second Assignments of Error are overruled.
 {¶ 16} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J.; Gwin, P.J., and Hoffman, J., concur.