OPINION
{¶ 1} This accelerated calendar appeal, submitted on the briefs of the parties, arises from the Portage County Court of Common Pleas, Domestic Relations Division. Appellant, Clifford Vanderhoeven, appeals the trial court's judgment granting the parties a divorce and dividing the marital assets.
 {¶ 2} Appellant and appellee, Michele Vanderhoeven, were married on December 8, 1997. The couple had one child together, who was born on November 12, 1992. Appellant filed his complaint for divorce on October 23, 2001. The parties both continued to reside in the marital residence.
 {¶ 3} On November 29, 2001, the magistrate issued a temporary order in which it listed appellant's obligations as "mortgage, utilities and marital debt as best he can." Appellant was also ordered to pay child support in the amount of $552.68 per month. Appellee's obligations were listed as "food and own personal." The parties eventually sold the marital home on January 8, 2002 and, subsequently, maintained separate residences. However, on March 8, 2002, appellee filed a motion to show cause, alleging that appellant failed to pay the mortgage on the marital property for the months of November 2001, December 2001, and January 2002. It was further alleged that appellant also failed to pay the utilities, child support, and other marital debt as required under the November 2001 order. The magistrate issued a second order on March 13, 2002, restating appellant's obligation to pay the accrued mortgage on the previous marital residence, as well as utilities, marital debt, and child support.
 {¶ 4} The matter was set for a contested trial, which commenced on June 4, 2002. The trial court issued a judgment entry on July 24, 2002, ordering, inter alia, (1) appellant is to pay appellee spousal support in the sum of six hundred dollars for twenty-four months, (2) appellant is to pay the outstanding utilities for the marital residence, and (3) appellant "shall reimburse to the Wife one-half of the monthly mortgage payment for October and November [2001]. He shall also reimburse Wife one-half of the $459 in late charges."
 {¶ 5} The court retained jurisdiction over the case, pursuant to R.C. 3105.18(E)(1), relating to modifying the order in the event of a change in circumstances of the parties.
 {¶ 6} Appellant filed a motion for a new trial on August 7, 2002. That motion was overruled by the trial court on August 9, 2002. Appellant then filed this timely appeal, citing two assignments of error.
 {¶ 7} Appellant's first assignment of error is:
 {¶ 8} "The trial court erred and/or abused its discretion, considering the totality of the circumstances, in determining appropriate and reasonable spousal support."
 {¶ 9} In his first assignment of error, appellant argues that the trial court erred in determining spousal support based on appellee's prior annual income, rather than her current annual income.
 {¶ 10} A trial court is given broad discretion in determining what, if any, spousal support will be granted under the facts and circumstances of each case.[1] A reviewing court cannot substitute its judgment for that of the trial court unless, considering the totality of the circumstances, there was an abuse of discretion.[2] The determination of whether to grant spousal support is governed by R.C.3105.18. R.C. 3105.18 enumerates a number of factors that must be considered in determining whether spousal support is "appropriate and reasonable."[3] One of the factors that must be considered is the income of both parties.[4]
 {¶ 11} At the time the complaint was filed, appellee was working part-time, earning approximately $4,700 annually. Three weeks before trial, appellee began a new job and was projected to make approximately $18,800 annually. Evidence was presented at trial showing appellee's new income. The trial judge acknowledged the change and stated, "I have your pretrial statements and I'll adjust it. She has a new job."
 {¶ 12} Appellant contends that the trial court erred and did not take the new income into consideration in making its determination. Appellee asserts that, as appellee had only been on the job for three weeks at the time of the trial, she was on probationary status at her new job; thus, her prior income was properly applied.
 {¶ 13} It is clear that, at the time of the trial, appellee had just begun a new job making a higher salary. The record also reveals that the trial court was aware of the difference in appellee's income and would "adjust it." Appellant makes approximately $48,000 per year. In making its determination, the trial court elected to award spousal support in the amount of $600 per month for twenty-four months. Thus, we find, based upon the discrepancy in income, the probationary nature of appellee's employment, and the length of the spousal support award, the trial court did not abuse its discretion in making its determination of spousal support.
 {¶ 14} Appellant's first assignment of error is without merit.
 {¶ 15} Appellant's second assignment of error is:
 {¶ 16} "The trial court erred and abused its discretion, considering the totality of the circumstances, in determining that plaintiff-appellant shall reimburse to defendant one-half of the monthly mortgage payments for October and November 2001, since such determination was contrary to and against the weight of the evidence of record."
 {¶ 17} As with spousal support, the judgment of the trial court dividing marital assets and debt will not be substituted for that of the reviewing court unless, after considering the totality of the circumstances, it is concluded that the trial court abused its discretion.[5]
 {¶ 18} In his second assignment of error, appellant contends that the trial court erred in ordering appellant to reimburse appellee for one-half of the monthly mortgage payments for October and November 2001, since he provided evidence at trial that he paid the mortgage for both of those months.
 {¶ 19} At trial, appellant presented a statement, listing mortgage payments made on the marital residence. Appellant testified at trial that he paid the mortgage for October and November 2001.
 {¶ 20} The initial temporary order dated November 29, 2001, stated that appellant was responsible for paying the utilities, mortgage, and other marital debt while both parties continued to reside in the marital residence together. The house was sold on January 8, 2002. Thus, appellant was responsible for the mortgage during that time period until the sale.
 {¶ 21} Appellee subsequently filed a motion to show cause, alleging that appellant failed to pay the mortgage from October 2001 until the sale and, also, that additional late charges had accrued. Appellant brought forth evidence that the mortgage was paid for October and November 2001, albeit the payments were late. As of the date of trial, appellant had still not paid the utilities and the December 2001 mortgage payment. Thus, in the written judgment entry, the trial court ordered appellant to pay the utilities as well as half the mortgage payments for October and November 2001.
 {¶ 22} In essence, even though appellant provided uncontroverted evidence that he had paid the mortgage payments for those two months, the issue of the December mortgage payment remained. Appellant provided no evidence, and does not assert here, that he paid the additional mortgage payment. Thus, appellant is still responsible for that mortgage payment under the terms of the court order. Further calculation reveals that the trial court's judgment entry, requiring appellant to reimburse appellee for two half-payments, would, in effect, be requiring appellant to pay the additional single mortgage payment for which he was responsible. Thus, although the trial court could have simply required appellant to make the single mortgage payment for December 2001, the court instead stated that appellant owed appellee one-half of the two monthly payments. We do not find, based on these facts, that the trial court abused its discretion in its division of the marital debt.
 {¶ 23} Appellant's second assignment of error is without merit. The judgment of the trial court is affirmed.
Judgment affirmed.
Judith A. Christley and Cynthia Westcott Rice. JJ., Concur.
[1] (Citations omitted.) Kunkle v. Kunkle (1990), 51 Ohio St.3d 64,67.
[2] Id.
[3] R.C. 3105.18(C)1.
[4] R.C. 3105.18(C)(a).
[5] Briganti v. Briganti (1984), 9 Ohio St.3d 220, 222.