DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Grace Snyder ("Wife"), appeals the division of property in her divorce from Appellee, Lewis Snyder ("Husband"), entered into judgment by the Wayne County Court of Common Pleas. We affirm.
 I. {¶ 2} Husband and Wife were married in 1968; Wife filed for a divorce on August 7, 2002. The matter went before a magistrate who initially divided the marital assets, but determined that Husband's pension was not a marital asset and awarded the pension entirely to Husband In the magistrate's proposed decision, the magistrate stated that Wife's yearly income from employment is $20,800 and husband's income is $22,504 from his retirement benefit and social security, and therefore neither party would receive spousal support. Wife objected to the trial court, and the trial court determined that the pension was a marital asset, but, nevertheless, also awarded the pension to Husband The trial court also awarded Wife her unvested $23,527 PERS retirement benefit "free and clear of any claim of [Husband] as a marital asset." In the final tally, the trial court awarded Husband property valued at $139,715 to Wife's $75,410. The trial court ordered that, to equalize the settlement, Husband was to pay Wife $32,152.50 payable within 90 days, which amount would accumulate 10% per annum interest commencing 90 days from the date of the order until paid in full. The trial court initially ruled that "[Husband's] retirement benefit is in payout status and is a source of income and not considered a marital asset for property division." In the last judgment entry, that statement was modified to state, "The court finds [Husband's] retirement benefit to be in payout status but is a marital asset." Nonetheless, the trial court awarded the entire interest in Husband's retirement benefit to Husband Wife appealed.
 II.
"The wayne county common pleas court erred when it failed to equally divide the pca pension of [husband]."
 {¶ 3} Wife, having no argument with the remainder of the settlement, states that "[t]he trial court very meticulously divided the marital assets of the parties equally with the exception of [Husband's] pension" and argues that the failure to divide the pension equally is error.
 {¶ 4} This court may not disturb the trial court's division of property based solely upon a review of that court's disposition of each of these items in isolation from the context of the remaining constituents of the division. Rather, we must take into account the "totality of the circumstances," and view the property division in its entirety. Briganti v. Briganti
(1984), 9 Ohio St.3d 220, 222. Moreover, when reviewing the equity of the property division, we may not substitute our judgment for the trial court; we are limited to determining whether the trial court abused its discretion in dividing the property. Martin v. Martin (1985), 18 Ohio St.3d 292, 294-295. In sum, the appropriate inquiry is whether the trial court's erroneous disposition of the items which are the subject of this appeal "resulted in a property division, which, viewed in its entirety, was an abuse of discretion." Briganti,9 Ohio St.3d at 222. In addressing the division of marital property, it is undisputed that pension benefits that accrued during the marriage are assets subject to division in a divorce proceeding. Erb v.Erb (1996), 75 Ohio St.3d 18, 20, citing Holcomb v. Holcomb
(1989), 44 Ohio St.3d 128, 132. See also, R.C.3105.171(A)(3)(a)(i); R.C. 3105.171(A)(3)(a)(ii).
 {¶ 5} Although pension benefits are marital benefits subject to division, the division is not required if the totality of the property division is equitable. As stated earlier, Wife does not argue that the remainder of the settlement is problematic; Wife argues only that the division is not equitable because Husband's pension income was not divided. However, the magistrate and the trial court carefully listed, valued, and divided the marital property; when Husband's award exceeded Wife's, the trial court ordered a one time payment of $32,152.50 to make the awards equitable. The pension benefit need not be divided simply because it exists as a marital asset if the total settlement is equitable. Wife's assignment of error is overruled.
 III. {¶ 6} Wife's assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J., Slaby, J., Concur.