OPINION *Page 2 
{¶ 1} Appellant Kenneth R. Boggs appeals the decision of the Delaware County Court of Common Pleas, Domestic Relations Division, following our remand in the appeal of appellant's divorce from Appellee Tina M. Boggs. The relevant facts leading to this appeal are as follows.
 {¶ 2} Appellant and appellee were married on October 6, 1990, in Las Vegas, Nevada. Appellant is a licensed attorney in the State of Ohio. Appellee worked for Cardinal Health, Inc. from 1997 until October 2003. In the course of her employment, appellee purchased company stock options and contributed to a 401(K) retirement account.
 {¶ 3} In February 2003, the appellant and appellee separated. Appellant moved out of the marital residence on Cascade Drive in Powell, Ohio. In March 2003, appellee also moved out of the marital residence. Both appellee and appellant removed and retained household goods from the Cascade Drive property.
 {¶ 4} On June 2, 2003, the parties filed a verified joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Southern District of Ohio. The bankruptcy petition stated, inter alia, that each party had an automobile lease agreement. Specifically, appellee had a three year lease, from March 28, 2002 until March 1, 2005, for a 2002 Cadillac Seville STS; appellant had a three year lease, from March 1, 2002 until March 1, 2005, for a 2002 GMC.
 {¶ 5} On June 4, 2003, a foreclosure complaint was filed against the Cascade Drive property in Delaware County Court of Common Pleas, Case Number 03-CVE-06-387. *Page 3 
On or about July 10, 2003, the foreclosure action was stayed pursuant to the federal bankruptcy action.
 {¶ 6} In September 2003, the couples' joint debt, of approximately $440,679.00, was discharged by the Bankruptcy Court. Appellee was permitted to retain her Cardinal Health Inc. 401(K).
 {¶ 7} On October 22, 2003, appellee's employment with Cardinal Health was terminated. Appellee thereafter filed a complaint for wrongful termination against Cardinal Health Inc., in the United States District Court, Southern District of Ohio.
 {¶ 8} In August of 2004, appellee transferred the Cardinal Health Inc. 401(K) account from Cardinal Health to a First Investments IRA account. At the time of the transfer, the account balance was approximately $101,000.00.
 {¶ 9} From September 18, 2004, through approximately October 12, 2004, the available IRA withdrawal of approximately $45,000.00 was used solely by appellee for credit card payments, medical bills, a car lease, attorney's fees and other miscellaneous living expenses. Specifically, on or about October 6, 2004, $29,000.00 dollars was used to finance a four-year lease of a Cadillac. Additionally, approximately $7,500.00 was distributed for attorney's fees including $5,000.00 for representation in appellee's wrongful termination action and $2,500.00 as a retainer fee for representation in the divorce action. The remaining available balance was apparently used for miscellaneous living expenses.
 {¶ 10} On October 15, 2004, appellee filed a complaint for divorce and motion for sale of the marital residence. On December 16, 2004, appellant filed an answer, counterclaim for divorce, and motion for spousal support. On October 18, 2004, the trial *Page 4 
court issued a standard restraining order against the appellant. On December 16, 2004, the trial court issued the identical, standard restraining order against the appellee. Both restraining orders prohibited either party from misappropriating marital funds or property.
 {¶ 11} In December 2004, appellant moved into a residence located at Southwest Becks Knob Road in Lancaster, Ohio. Appellant subsequently defaulted on the Becks Knob lease and did not exercise his available purchase option. Appellant remained at the residence while being in default on the lease payments until on or about August 28, 2006.
 {¶ 12} On December 17, 2004, the trial court in the divorce action sub judice held a pre-trial status conference. On March 17, 2005, the parties were ordered to participate in mediation, and the trial date was continued.
 {¶ 13} On September 2, 2005, appellee executed a settlement agreement with Cardinal Health Inc. in her wrongful termination action. The settlement included, in part, compensation for lost wages. The terms of the settlement were sealed both in the common pleas court's general and domestic relations divisions.
 {¶ 14} On September 22, 2005, appellee, via counsel, moved for an order granting money for reasonable attorney's fees. In support, appellee stated that the divorce matters had taken "an enormous amount of time, and discovery has been extremely problematic, due to conduct of defendant." On October 4, 2005, appellant's attorney filed a similar motion for attorney's fees for appellee's failure to appear for a deposition. *Page 5 
 {¶ 15} On December 13, 2005, appellant's trial counsel was permitted to withdraw. Appellant appeared pro se for the remainder of the divorce litigation.
 {¶ 16} On March 14, 2006 and March 15, 2006, a magistrate heard evidence in the divorce action. On March 15, 2006, appellant filed a motion for findings of fact and conclusions of law.
 {¶ 17} On March 23, 2006, appellee filed a motion to present further evidence, arguing in support that appellant had failed to disclose during pre-trial discovery, and trial, that he had an ownership interest in the Becks Knob property. The trial court granted the motion and on April 7, 2006, the magistrate conducted the hearing.
 {¶ 18} On May 25, 2006, the magistrate issued her decision, along with findings of fact and conclusions of law, recommending a divorce and setting forth the disposition of marital property. The magistrate also ordered appellant to pay $10,000.00 in attorney fees.
 {¶ 19} On June 8, 2006, appellant filed a timely objection to the magistrate's divorce decision. On December 11, 2006, by judgment entry, the trial court overruled appellant's objections and affirmed the magistrate's divorce decision. The trial court found in pertinent part as follows: (1) that the liquidation of appellee's Cardinal Health stock options occurred in January 2003, which pre-dates the filing of the divorce by one and one-half years and pre-dates the joint bankruptcy filed in June of 2003 and the discharge in September of 2003, and therefore was not an issue to be decided; (2) that the magistrate failed to delineate a specific duration of marriage and therefore, by presumption, the duration of the marriage is from the date of the marriage through the final hearing, and that the retirement funds remained intact and therefore any different *Page 6 
determination of the marriage had no application; (3) that with regards to the Cardinal Health Inc. Settlement for lost wages, that the appellee was entitled to her wages earned after the parties separated; (4) that the parties' automobiles had no equity since the appellant testified that his car had no value and the wife had a lease and no right to any ownership interest; (5) that the magistrate correctly decided that the evidence established that the appellant had both title and interest in the Becks Knob property including any liability arising therefrom; (6) finally, that the magistrate correctly awarded retirement accounts to appellee as an offset to the appellant's interest in the Becks Knob property. The court further ordered appellee to prepare a Judgment Entry Decree of Divorce consistent with the magistrate's findings of facts and conclusions of law within thirty days.
 {¶ 20} On December 26, 2006, appellant filed a motion for new trial and/or for relief from judgment pursuant to Civ. R. 60(B). On February 7, 2007, the trial court summarily denied appellant's motion for new trial and/or relief from judgment, and memorialized the December 11, 2006, decision by judgment entry with the Final Decree of Divorce submitted by appellee. The final decree stated that the judgment was effective on December 11, 2006.
 {¶ 21} Appellant thereupon appealed to this Court, raising six assigned errors. On March 26, 2008, we affirmed in part and reversed in part. See Boggs v. Boggs, Delaware App. No. 07 CAF 02 0014,2008-Ohio-1411. The matter was specifically "remanded in part regarding a portion of the funds spent by appellee on the Cadillac lease and regarding the portion of the Cardinal Health Settlement representing *Page 7 
compensation for $5,000.00 in attorney's fees paid by appellee from the $65,000.00 IRA withdrawal." Id. at ¶ 126.
 {¶ 22} On May 13, 2008, the trial court issued a judgment entry, apparently prepared by appellee's counsel. The court therein found: (1) The $5,000.00 used for attorney fees in the Cardinal Health lawsuit was a marital asset, and as such, appellant is entitled to $2,500.00; (2) appellee's lease of a $29,000 Cadillac constituted financial misconduct, and the $29,000 figure attributed to said lease would be replaced with "an appropriate lease value for a mid-range vehicle" of $17,000.00, rendering appellant entitled to $6,000 (one-half of $12,000.00); and (3) appellant owed appellee $10,000, pursuant to prior judgment entry, "as and for an expense money award." Judgment Entry at 2. The court thus ordered "that the Defendant's obligation for the payment of attorney fees in the amount of $10,000.00 shall be adjusted to the amount of [$]1,500.00 reflective of the adjustments due to the financial misconduct as set forth above. Said $1,500.00 expense money award shall be payable as per the terms of this Court's prior ORDER." Id.
 {¶ 23} On June 12, 2008, appellant filed a notice of appeal. He herein raises the following sole Assignment of Error:
 {¶ 24} "I. THE TRIAL COURT DENIED THE DEFENDANT-APPELLANT HIS RIGHT TO DUE PROCESS OF LAW GUARANTEED BY THE OHIO AND UNITED STATES CONSTITUTIONS AND ABUSED ITS DISCRETION WHILE IT COMMITTED ERROR BY NOT HOLDING A HEARING TO OBTAIN TESTIMONY AND EVIDENCE IN ORDER TO MAKE FINDINGS OF FACT AND CONCLUSIONS OF LAW IN ORDER TO DETERMINE THE AMOUNT OF MONEY, IF ANY, THAT WOULD BE PERMITTED *Page 8 
TO BE AWARDED TO PLAINTIFF APPELLEE FOR THE PURCHASE OR LEASE OF ANY RELIABLE SUITABLE TRANSPORTATION SINCE PLAINTIFF APPELLEE HAD BEEN DETERMINED TO HAVE COMMITTED FINANCIAL MISCONDUCT BY THE OHIO FIFTH DISTRICT COURT OF APPEALS PREVIOUSLY WHICH REVERSED AND REMANDED THE CASE BACK TO THE TRIAL COURT IN CASE NO. 07CAF020014 FOR PROCEEDINGS CONSISTENT WITH ITS OPINION AND THE TRIAL COURT ISSUED A NEW JUDGMENT ENTRY WITHOUT HAVING ANY EVIDENCE TO SUPPORT ITS FINDINGS OF FACT AND CONCLUSIONS OF LAW THEREBY THE TRIAL COURTS (SIC) JUDGMENT IS A GROSS ABUSE OF DISCRETION."
 I. {¶ 25} In his sole Assignment of Error, appellant argues the trial court erred by failing to conduct an evidentiary hearing upon our prior remand, particularly as to the issue of the Cadillac lease. We disagree.
 {¶ 26} We first reiterate that an appellate court generally reviews the overall appropriateness of the trial court's property division in divorce proceedings under an abuse of discretion standard. Cherry v.Cherry (1981), 66 Ohio St.2d 348, 421 N.E.2d 1293. In order to find an abuse of that discretion, we must determine the trial court's order was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
 {¶ 27} In our decision in Boggs 1, we explained: "Appellee entered into the $29,000.00 Cadillac lease nine days before she filed for divorce. If appellee needed to have reliable, suitable transportation, then under the circumstances, a more *Page 9 
conservative expenditure should have been made. Therefore, to the extent that the expenditure for the Cadillac lease exceeded the expenditure needed by the appellee to obtain reliable, suitable transportation, the trial court should have found such excess to be financial misconduct. Certainly a shorter lease for a less expensive vehicle or a cash purchase of a used vehicle were among other options available to appellee." Id. at ¶ 81.
 {¶ 28} As noted in our recitation of facts, supra, the trial court, determined upon remand, without conducting a hearing, that a more appropriate lease value was $17,000.00. Judgment Entry at 1. We note our prior remand did not direct the trial court to conduct any hearing whatsoever. Furthermore, "[a]n appellate court is guided by a presumption of regularity in the proceedings before a trial court."Huffer v. Chafin, Licking App. No. 01 CA 74, 2002-Ohio-356. Moreover, in response to appellant's present request for a second remand on the Cadillac lease issue, we note this Court has clearly expressed its reluctance to engage in piecemeal review of individual aspects of a property division taken out of the context of the entire award. SeeHarper v. Harper (Oct. 11, 1996), Fairfield App. No. 95 CA 56, citingBriganti v. Briganti (1984), 9 Ohio St.3d 220, 459 N.E.2d 896.
 {¶ 29} Accordingly, we hold the trial court sufficiently complied with our mandate upon remand, and we find no merit in appellant's claim that the court's adjustment of the lease figure from $29,000.00 to $17,000.00 constituted an abuse of discretion or a violation of appellant's due process rights. Furthermore, we find appellant's reliance on Delaware County Local Rule 18 (addressing submission of certain judgment entries) and Civ. R. 53 (addressing procedures for magistrate proceedings) to be without merit under the circumstances of this case. *Page 10 
 {¶ 30} Appellant's sole Assignment of Error is therefore overruled.
 {¶ 31} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is hereby affirmed. By: Wise, J. Hoffman, P. J., and Farmer, J., concur.
 Wise, J. Hoffman, P. J., and Farmer, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, Delaware County, Ohio, is affirmed.
 Costs assessed to appellant. *Page 1