[Cite as *Hines v. Hines-Ramsier*, 2011-Ohio-6093.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

ALLEN F. HINES

    Appellant

    v.

BONNIE HINES-RAMSIER

    Appellee

C.A. No.     10CA0059

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF WAYNE, OHIO
CASE No.    07-DR-0451

DECISION AND JOURNAL ENTRY

Dated: November 28, 2011

BELFANCE, Presiding Judge.

{¶1} Appellant, Allen F. Hines, appeals the judgment of the Wayne County Court of Common Pleas that granted a divorce from Appellee, Bonnie Ramsier, and divided their marital property. This Court affirms.

{¶2} Husband and Wife married in 2001 after living together since 1991. In 2006, Wife purchased a business called "Cycle Patch" with an interest-free loan for $100,000. Wife paid herself a salary of $1,000 per month from the proceeds of the business, and the trial court found that she used this income for household expenses. Since 2006, Wife has paid the previous owner back from the proceeds of the business as much as she is able whenever she can. As of the hearing in the divorce case, wife had repaid less than $20,000 on the loan, and the business had significant debt.

{¶3} Husband was awarded the marital home as his separate property, which had considerable equity. Spousal support was not ordered for either party. In dividing the marital

property, the trial court characterized Cycle Patch as a marital asset and awarded all of the assets and liabilities of Cycle Patch to Wife. The property division left both parties with a negative equity allocation, but because of the significant business debt, Wife's marital indebtedness was significantly greater than Husband's. The trial court ordered Husband to pay $32,766.50 to Wife to equalize the property division. Husband timely appealed. Because his two assignments of error are related, we address them together.

## ASSIGNMENT OF ERROR I

**"THE TRIAL COURT ERRED AFTER FINDING THAT THE 'PATCH' BUSINESS WAS MARITAL BY AWARDING THE BUSINESS AND ALL ASSETS TO THE WIFE REQUIRING HER TO PAY ALL THE DEBTS IN CONNECTION WITH THAT BUSINESS AND THEN REQUIRING THE HUSBAND TO PAY FOR THE BUSINESS DEBT BY CLASSIFYING IT AS A MARITAL PROPERTY DIVISION HAVING HUSBAND PAY HER $32,766.00 DOLLARS."**

## ASSIGNMENT OF ERROR II

**"THE TRIAL COURT ERRED IN REGARDS TO THE PROPERTY DIVISION AS THE DECISION WAS INCONSISTENT AND AN ABUSE OF DISCRETION."**

{¶4} Husband argues that the trial court's property division constitutes an abuse of discretion. Specifically, Husband contends that the trial court abused its discretion by awarding all of the assets and liabilities of Cycle Patch to Wife, resulting in a large negative allocation, then requiring him to pay $32,766.50 to her to equalize the property division. We disagree.

{¶5} R.C. 3105.171(C)(1) requires trial courts to divide marital property equally, except to the extent that an equal division would be inequitable. In order to "achieve equality between the spouses," a court may also make a distributive award "if the court determines that a division of the marital property in kind or in money would be impractical or burdensome." R.C. 3105.171(E)(2). A distributive award is defined as "any payment or payments, in real or

personal property, that are payable in a lump sum or over time, in fixed amounts, that are made from separate property or income, and that are not made from marital property and do not constitute payments of spousal support[.]" R.C. 3105.171(A)(1). Although not specifically addressed by the statute, marital debt is also subject to allocation as part of the property distribution. *Vaughn v. Vaughn*, 12th Dist. No. CA2007-02-021, 2007-Ohio-6569, at ¶40. See, also, *Wilson v. Wilson*, 9th Dist. No. 05CA0078, 2008-Ohio-3195, at ¶9. An equitable division of marital debt may also be accomplished through a distributive award. See *Vincent v. Vincent* (Nov. 6, 1991), 9th Dist. No. 15016.

{¶6} In this case, the trial court determined that the marital assets consisted of several vehicles, some guns purchased by Husband during the marriage, the marital portion of Husband's pension, and Cycle Patch. The trial court divided the vehicles and their corresponding debt among Husband and Wife and awarded the guns to Husband. Because Wife was solely responsible for operating Cycle Patch, to which the trial court assigned a negative value of $87,998.00, the trial court allocated the business assets and liabilities to her. As a result, Husband's allocation of debt was $390, while Wife's was $65,923. The trial court ordered a distributive award of $32,766.50 from Husband to Wife, which equalized the division of debt between them.

{¶7} We observe that Husband does not challenge the trial court's valuation of either the marital assets or the amount of marital debt. Husband has argued that the trial court abused its discretion by awarding all of the assets and liabilities of Cycle Patch LLC to Wife and equalizing the property division through the distributive award rather than dividing the assets of the business between them. In this respect, however, the question is whether the trial court equitably divided the entire marital estate, not any individual asset or liability. See *Briganti v.*

*Briganti* (1984), 9 Ohio St.3d 220, 222 ("The appropriate consideration is whether the trial court's disposition of these items resulted in a property division, which, viewed in its entirety, was an abuse of discretion."). In light of Wife's exclusive operation of the business, the trial court determined that awarding its assets and liabilities to her would achieve the most equitable division of property. It did not abuse its discretion in doing so.

{¶8} Husband's assignments of error are overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

EVE V. BELFANCE
FOR THE COURT

DICKINSON, J.
CONCURS

CARR, J.
DISSENTS


APPEARANCES:

LAWRENCE J. COURTNEY, Attorney at Law, for Appellant.

CHRISTOPHER A. SCHMITT, Attorney at Law, for Appellee.