[Cite as *Joseph v. Joseph*, 2014-Ohio-1599.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| JAMES P. JOSEPH | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | |
| KAREN M. JONES JOSEPH | : | Case No. 2013CA00190 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:    Appeal from the Court of Common
Pleas, Domestic Relations Division,
Case No. 2012DR01196



JUDGMENT:    Affirmed/Reversed in Part and
Remanded



DATE OF JUDGMENT:    April 14, 2014




APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

GREGORY J. RUFO                    SCOT A. STEVENSON
101 Central Plaza South            441 Wolf Ledges Parkway
900 Chase Tower                    Suite 400
Canton, OH  44702                  Akron, OH  44311

*Farmer, J.*

{¶1}   Appellant, Karen Jones Joseph, and appellee, James Joseph, were married on November 8, 1996.  On October 18, 2012, appellee filed a complaint for divorce.  A hearing commenced on August 15, 2013.  By final entry decree of divorce filed August 21, 2013, the trial court granted the parties a divorce, upheld the terms and conditions of their antenuptial agreement, and divided the parties' marital assets.

{¶2}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶3}   "THE TRIAL COURT ERRED IN FINDING THE INTEGRITY CREDIT UNION SAVINGS ACCOUNT OWNED BY KAREN JOSEPH WAS NOT HER SEPARATE PROPERTY."

II

{¶4}   "THE TRIAL COURT ERRED IN AWARDING A $5,000.00 SAVINGS ACCOUNT THAT DID NOT EXIST TO MS. JOSEPH AS MARITAL PROPERTY."

III

{¶5}   "THE TRIAL COURT ERRED IN FAILING TO AWARD EITHER PARTY HOUSEHOLD GOODS THAT WERE NOT THEIR SEPARATE PROPERTY BUT INSTEAD ORDERING THAT THE PARTIES SHOULD AGREE TO A DIVISION OF THOSE ASSETS."

I

{¶6}   Appellant claims the trial court erred in finding the Integrity Federal Credit Union savings account was marital property.  We disagree.

{¶7} Under R.C. 3105.171(B), in divorce proceedings, a trial court shall "determine what constitutes marital property and what constitutes separate property." R.C. 3105.171(A)(3)(a) defines "marital property" as follows in pertinent part:

(i) All real and personal property that currently is owned by either or both of the spouses, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

(ii) All interest that either or both of the spouses currently has in any real or personal property, including, but not limited to, the retirement benefits of the spouses, and that was acquired by either or both of the spouses during the marriage;

(iii) Except as otherwise provided in this section, all income and appreciation on separate property, due to the labor, monetary, or in-kind contribution of either or both of the spouses that occurred during the marriage;

{¶8} R.C. 3105.171(A)(6)(a) defines "separate property" as "all real and personal property and any interest in real or personal property that is found by the court to be any of the following":

(i) An inheritance by one spouse by bequest, devise, or descent during the course of the marriage;

(ii) Any real or personal property or interest in real or personal property that was acquired by one spouse prior to the date of the marriage;

(iii) Passive income and appreciation acquired from separate property by one spouse during the marriage;

(iv) Any real or personal property or interest in real or personal property acquired by one spouse after a decree of legal separation issued under section 3105.17 of the Revised Code;

(v) Any real or personal property or interest in real or personal property that is excluded by a valid antenuptial agreement;

(vi) Compensation to a spouse for the spouse's personal injury, except for loss of marital earnings and compensation for expenses paid from marital assets;

(vii) Any gift of any real or personal property or of an interest in real or personal property that is made after the date of the marriage and that is proven by clear and convincing evidence to have been given to only one spouse.

{¶9} As explained by this court in *Oliver v. Oliver,* 5th Dist. Tuscarawas No. 2012 AP 11 0067, 2013-Ohio-4389, ¶ 80:

The characterization of property as separate or marital is a mixed question of law and fact, and the trial court's ruling must be supported by

sufficient credible evidence. *Globokar v. Globokar,* 5th Dist. No. 2009CA00138, 2010-Ohio-1737. We will not reverse the trial court's judgment as being against the manifest weight of the evidence if some competent, credible evidence supports the court's judgment. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578. "Trial court decisions on what is presently separate and marital property are not reversed unless there is a showing of an abuse of discretion." *Vonderhaar-Ketron v. Ketron,* 5th Dist. No. 10CA22, 2010-Ohio-6593.

{¶10} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore,* 5 Ohio St.3d 217 (1983).

{¶11} Appellant argues the savings account was her separate property as it was in fact the Barberton Credit Union account that was identified in the parties' antenuptial agreement.

{¶12} In its August 21, 2013 final entry, under Findings of Fact, "Financial Institutions," the trial court noted the parties' accounts, specifically stating: "She [appellant] also has an account with Integrity Credit Union valued at $11,049." Under Conclusions of Law and Order, "Division of Marital and Separate Property," the trial court stated: "Each party shall take the marital assets as listed in his/her column on the attached Property Division Exhibit." In this exhibit, the Integrity account is listed as a marital asset and awarded solely to appellant. Also included in this exhibit and listed as

marital property and awarded solely to appellee is an ING Deferred Compensation account which appellee claimed was his separate property. In the final entry under Conclusions of Law and Order, "Pension," the trial court rejected appellee's claim of separate property:

> The ING account was established shortly after the party's marriage. The Husband claims that a check for $30,000 went into the ING account. His exhibit, 26 does reveal that a check was issued to him in the amount of $38,000 in 2008. Plaintiff's exhibit 3, however does not indicate any corresponding deposit into the ING account. Accordingly, the Husband's claim that there may be some separate property interest in the ING account has not been shown. Accordingly, the entire balance of $14,525 is marital.

{¶13} Appellant argues the Integrity account has the same account number as the Barberton Credit Union account included in the antenuptial agreement and therefore the Integrity account is her separate property. However, during the course of the marriage and during the period encompassing the divorce proceedings, appellant placed marital income into the account, including bingo winnings and social security income. August 21, 2013 T. at 40, 76-78, 80.

{¶14} The trial court disregarded the "separate property" assertions of both appellant and appellee regarding their respective accounts as for all practical purposes, the parties had comingled marital funds with separate funds. The trial court deemed

both accounts marital property, and awarded each account to the claimed owner, $11,049.00 in the Integrity account to appellant and $14,525.00 in the ING account to appellee.

{¶15} Upon review, we find the trial court was able to see the forest for the trees with the comingling of marital income in the separate property accounts, and did not abuse its discretion in its distribution of said accounts.

{¶16} Assignment of Error I is denied.

II

{¶17} Appellant claims the trial court erred in awarding her $5,000.00 in marital property from a PNC savings account that did not exist. We agree.

{¶18} A subpoena issued to PNC Bank on April 10, 2013 requested the following information: "A copy of any and all financial records for the years 2010, 2011, 2012 and 2013 to date, for the joint account of James P. Joseph, Sr. and Karen M. Joseph. Account No. 3851, together with a copy of any and all statements of account for either James P. Joseph, Sr. and/or Karen M. Joseph."

{¶19} Appellant argues Plaintiff's Exhibit 4 conclusively establishes that a $5,000.00 PNC savings account did not exist. The exhibit is the requested records from PNC Bank. The title page of the exhibit lists a checking account number only, and includes statements from January 2010 to March 2013. A review of the statements indicates several CDs as well as a joint savings account with a balance of just under $6,000.00. On December 27, 2011, $5,899.07 was withdrawn from the savings account, leaving a zero balance. The savings account was dropped from the statements starting with the January 28, 2012 statement. The money was withdrawn

during the course of the marriage, as appellee did not file for divorce until October 18, 2012.

{¶20} The only mention of this account in the final entry is under Findings of Fact, "Financial Institutions": "Jointly they have a PNC checking account of $14,897 and a PNC savings account of $5,000." In the attached Property Division Exhibit, the account is listed as a marital asset and awarded solely to appellant. There is no finding of who withdrew the money from the account or that there was any impropriety regarding the withdrawal.

{¶21} Appellee argues the trial court correctly included the savings account in the division of marital assets because in Plaintiff's Exhibit 7, his affidavit of property, he listed the PNC checking account as well as the PNC savings account in the amount of $5,000.00. However, a review of the evidence does not support this averment. We find the PNC Bank records in Plaintiff's Exhibit 4 lay to rest the issue of the savings account. It did not exist after the entire amount was withdrawn on December 27, 2011.

{¶22} We find the trial court erred in including the PNC savings account as a marital asset and awarding $5,000.00 to appellant. The matter is remanded to the trial court for recalculation of the division of marital property in light of this decision.

{¶23} Assignment of Error II is granted.

III

{¶24} Appellant claims the trial court erred in not dividing or providing a means to divide the parties' personal property. We disagree.

{¶25} In its final entry under Conclusions of Law and Order, "Household Goods and Belongings," the trial court stated: "The parties shall divide the household

furnishings pursuant to their mutual agreement **OR** Exhibit's Plaintiff's 27, Plaintiff's 28 and Defendant's B which are attached."

{¶26} We note because a reviewing court must consider the totality of the circumstances in reviewing a trial court's decision, piecemeal appeals are not favored. *Briganti v. Briganti,* 9 Ohio St.3d 220 (1984).

{¶27} Prior to the marriage, the parties entered into an antenuptial agreement setting forth their own separate property, which is attached to the final entry. They also presented handwritten lists of their separate personal property which are attached to the final entry. See, Plaintiff's Exhibits 27 and 28, and Defendant's Exhibit B. Appellant conceded that most of the items listed in Plaintiff's Exhibit 27 belonged to appellee. August 21, 2013 T. at 54-60.

{¶28} Given the testimony, we find it correct to assume that the parties would be able to agree on the division of a few personal items. No other request was made during the entire hearing to indicate otherwise.

{¶29} Assignment of Error III is denied.

{¶30} The judgment of the Court of Common Pleas of Stark County, Ohio, Domestic Relations Division is hereby affirmed in part and reversed in part.

By Farmer, J.

Gwin, P.J. and

Delaney, J. concur.

SGF/sg 306